COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Decker and Senior Judge Coleman


KASEY N. PARKER

v.     Record No. 1872-13-2

C. H. SKELTON, II, S/K/A
   CHARLIE H. SKELTON, II                    MEMORANDUM OPINION*
                                                 PER CURIAM
KASEY N. PARKER                               MARCH 11, 2014

v.     Record No. 1873-13-2

BRANDON JOHN RUTLEDGE


            FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                      Joel C. Cunningham, Judge

        (Michael J. Brickhill; David P. Mitchel, on briefs), for appellant.

        (Robert E. Hawthorne; Eric A. Tinnell, Guardian *ad litem* for the
        minor child; Hawthorne & Hawthorne, P.C., on brief), for appellee
        C. H. Skelton, II, s/k/a  Charlie H. Skelton, II.

        (Marshall L. Ellett; Eric A. Tinnell, Guardian *ad litem* for the
        minor child, on brief), for appellee Brandon John Rutledge.


        Kasey N. Parker (mother) appeals the trial court's custody and visitation orders regarding

K.R. and K.S.[1]  Mother argues that the trial court erred by (1) "giving improper weight to violations

of old court orders and an instance of 'unclean hands' in a pre-trial electronic mail exchange, such

as to 'punish' a parent, rather than focus inquiry on the best interests of the children"; (2) admitting

and considering evidence relating to "mold infestation and its alleged effects on the health of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Since the children are minors, we will refer to them by their initials.

children" and "overruling a motion to reopen the case to reconsider those issues"; (3) finding that the children missed medical appointments; and (4) permitting and following the guardian *ad litem*'s (GAL) recommendation, which was "founded crucially upon a fact that was not established by any evidence in the record." Upon reviewing the records and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decisions of the trial court. See Rule 5A:27.

BACKGROUND

Mother and Rutledge are the biological parents of K.R. On August 15, 2008, the Charlotte County Juvenile and Domestic Relations District Court (the JDR court) entered an order granting mother and Rutledge joint legal and physical custody of K.R. On April 14, 2011, Rutledge filed a motion to amend the order and sought primary physical custody of K.R. On July 2, 2011, mother filed a motion to amend the order and sought primary legal and physical custody of K.R. On October 4, 2011, the JDR court entered an order awarding the parents joint legal and physical custody of the child until she entered school. One week prior to the beginning of school in August 2012, the parties were to have joint legal custody and mother would have primary physical custody. Rutledge appealed the order.

Mother and Skelton are the biological parents of K.S. On August 23, 2012, Skelton filed petitions for custody and visitation of K.S. On September 5, 2012, mother filed petitions for custody and visitation of K.S. On September 11, 2012, the JDR court entered an order awarding joint legal custody to the parents and primary physical custody to mother. Skelton appealed the order.

The circuit court consolidated Rutledge's appeal and Skelton's appeal. The circuit court heard evidence and argument on August 5 and 6, 2013. Mother was *pro se* at the trial. Initially, mother lived in the same county as Rutledge and Skelton, and she had shared custody

- 2 -

arrangements with Rutledge and Skelton. However, when mother moved to a different county, their shared custody arrangements became untenable. Rutledge and Skelton reside near each other, and the children could attend the same school if they lived with their respective fathers. The court heard testimony regarding mold in mother's house and the children's ensuing health issues. There was further testimony regarding the condition of Parker's home and the fact that the children missed several medical appointments.

At the conclusion of the trial, the court reviewed the Code § 20-124.3 factors and determined that it was in the children's best interests to award the parents joint legal custody. It awarded Rutledge primary physical custody of K.R., and it awarded Skelton primary physical custody of K.S. On August 29, 2013, the trial court entered a custody and visitation order relating to K.S. On September 4, 2013, the trial court entered a custody and visitation order relating to K.R. On September 18, 2013, mother, by counsel, filed post-trial motions. She asked the trial court to vacate or suspend the orders and to reconsider its ruling. On September 18, 2013, the parties appeared before the court, and the court denied the motions. On September 19, 2013, the trial court entered an order denying the motions. These appeals followed.

ANALYSIS

*Assignment of error 1 – Best interests of the children*

Mother argues that the trial court erred by "giving improper weight to violations of old court orders and an instance of 'unclean hands' in a pre-trial electronic mail exchange, such as to 'punish' a parent, rather than focus inquiry on the best interests of the children."[2] Mother contends the trial court erred by considering two violations of the 2008 JDR order, specifically

---

[2] In her briefs, mother states, "Moreover, in the case of the written request for continuance, the Court's determination deprived Parker of Due Process in violation of the Due Process Clause of Amendment XIV to the United States Constitution, as no evidence was presented on such matter at trial." Mother does not expand on this statement. Since mother does not fully develop this argument, we will not consider it. See Rule 5A:20(e).

that mother lived with her boyfriend out of wedlock and moved without giving notice. She also alleges that the trial court should not have commented about her credibility with respect to her request for a continuance prior to trial. As a result of these statements from the trial court, mother asserts that the trial court did not focus on the children's best interests in making its custody and visitation awards.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)); see also Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Contrary to mother's arguments, the trial court analyzed each of the Code § 20-124.3 factors and did not focus on one or two factors in reaching its decision. The ruling was not premised upon mother's credibility in seeking a continuance or the fact that she lived with her boyfriend prior to marrying him. The trial court explained that it was evident that mother, Rutledge, and Skelton loved the children, but the "Court looks at all of the factors [in Code § 20-124.3] in determining what is in the best interests of the children . . . ." The trial court expressed concern about some of mother's choices, such as not telling Skelton that he was the father of K.S. for eight months, teaching the children to keep secrets, the "complete disarray" of her home, and not telling the fathers about the children's counseling. The trial court also noted that mother drove the children in an uninspected car with "slick tires." It also expressed concern about the number of days K.R. missed from school or was tardy and mother did not make

arrangements for K.R. to go to pre-kindergarten while K.R. was in her custody. The trial court had questions about K.R.'s relationship with mother's husband and whether mother's husband had a temper. Based on all of these factors, not just mother's move and living arrangements, the trial court held that it was in the children's best interests for Rutledge to have primary physical custody of K.R. and Skelton to have primary physical custody of K.S.

There is no indication that the trial court relied on the doctrine of unclean hands in reaching its custody decision. The record proves that the trial court considered the factors in Code § 20-124.3 and the children's best interests when it fashioned its custody and visitation awards.

*Assignment of error 2 – Mold infestation*

Appellant argues that the trial court abused its discretion by admitting and considering evidence related to mold infestation in her home and its effects on the health of the children. She contends the trial court's findings about the mold infestation were unsupported by the evidence, and the trial court abused its discretion in denying her motion to reconsider these issues.

At trial, Rutledge presented evidence that mother's home had a mold problem, which caused medical problems for K.R. and K.S. At no point during the trial did mother object to testimony or argument about the mold.

In her post-trial motion and in her brief, mother argues that Rutledge did not disclose in discovery that one of the reasons he thought he should have primary physical custody of K.R. was because of the mold infestation. He also did not disclose any expert witnesses in discovery, but mother argued in her motion and on appeal that Rutledge's mother acted as a medical expert when she connected K.R.'s respiratory problems with the mold at mother's house. Again, mother never objected to Rutledge's discovery prior to trial and did not object to his mother's testimony during trial.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

The trial court did not err in accepting the testimony about the mold at mother's house and including that fact in its findings because mother never objected to the evidence. In fact, mother testified that there was mold in her home, and her husband removed it.

Mother also argues that the trial court erred in denying her motion to reconsider and reopen the case so that the trial court could consider evidence that there was no connection between the mold in mother's house and the children's health condition.

"Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court." Thomas v. Commonwealth, 62 Va. App. 104, 109, 742 S.E.2d 403, 406 (2013) (citations omitted).

> A litigant's "right to relief on such rehearing depends upon his ability to point out some error on the face of the record, or to show some legal excuse for his failure to present his full defense at or before the time of entry of the decree which he seeks to have modified."

Id. (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)).

Here, mother had an opportunity to present her case and make timely objections, but she did not do so. The trial court did not abuse its discretion in denying her post-trial motions.

*Assignments of error 3 and 4 – Rule 5A:20(e)*

Mother argues that the trial court erred in stating that mother failed to keep "numerous" medical appointments for the children. Mother also asserts that the trial court abused its discretion in permitting and following the GAL's recommendation because the GAL opined that the school system in the county where mother lived was inferior to the school system where Skelton and Rutledge lived.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Mother did not comply with Rule 5A:20(e) because her opening briefs do not contain any principles of law or citation to legal authorities to fully develop her arguments with respect to the third and fourth assignments of error.

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Therefore, we will not consider the third and fourth assignments of error.

CONCLUSION

For the foregoing reasons, the trial court's rulings are summarily affirmed. Rule 5A:27.

Affirmed.