COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia


KENNETH A. STOKES, JR.

                                                              OPINION BY
v.        Record No. 0090-12-1                       JUDGE ROBERT P. FRANK
                                                            JANUARY 15, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Kenneth A. Stokes, Jr., appellant, filed a motion to modify and reduce his previously

imposed sentence. He argues the trial court erred in concluding that it had no jurisdiction to do

so under Code § 19.2-303 because appellant had already been transferred to the Department of

Corrections. For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Appellant was convicted of seven felonies upon pleas of guilty. On January 21, 2011 the

trial court sentenced him to serve 103 years in the state penitentiary, with sixty of those years

suspended.

Appellant filed a notice of appeal with the trial court, and thereafter filed a petition for

appeal with this Court. That petition was denied by *per curiam* order entered August 11, 2011.

Appellant subsequently filed a petition for appeal with the Supreme Court of Virginia which was

denied on January 10, 2012.

While the appeal was pending, appellant filed a post-trial motion with the trial court seeking a modification of his sentence pursuant to Code § 19.2-303. The court heard the motion on August 19, 2011, with appellant introducing mitigating evidence, including appellant's willingness to testify against a co-defendant. In addressing the court, the Commonwealth suggested, "perhaps elimination of the active portion of [appellant's] sentence."

The trial court did not rule on the motion, pending resolution of the appeal. The hearing was continued to determine the status of the appeal. The trial court reaffirmed its previous order that kept appellant in the Norfolk City jail until the November 4, 2011 continuance date.[1]

A written order previously entered on February 25, 2011, recognizing the need for appellant to remain incarcerated in the local jail, ordered appellant to "stay in the Norfolk City Jail until the completion of the charges against [appellant's co-defendant] and until further order of this Court."

At the November 4, 2011 hearing, the trial court was advised appellant was not present since he had been transferred to the Department of Corrections, despite the February 25, 2011 court order.

The matter was continued to December 22, 2011, at which time appellant appeared. The trial court found it had no authority to modify appellant's sentence because appellant had been transferred to the Department of Corrections, "even though it is a mistaken transport into the Department of Corrections." For the record, the trial court indicated appellant "would have been entitled to some relief" because of appellant's assistance to the Commonwealth in a related criminal case.

This appeal follows.

---

[1] The trial court never vacated the final sentencing order.

ANALYSIS

Appellant maintains on appeal that the trial court erred in finding it had no jurisdiction to modify appellant's sentence.

> Rule 1:1 of the Rules of the Supreme Court of Virginia provides that a trial court may modify, vacate, or suspend all judgments, orders, and decrees within twenty-one days of the date of entry, *but not longer*. Expiration of the twenty-one day time limitation divests the trial court of jurisdiction. Orders entered in violation of Rule 1:1 are void.
>
> Rule 1:1 is subject to certain limited exceptions, however. Code § 19.2-303 is one of those exceptions. It provides that "[i]f a person has been sentenced for a felony . . . the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department [of Corrections], suspend or otherwise modify the unserved portion of such a sentence." Code § 19.2-303. Once the defendant has been transferred to the DOC and twenty-one days have passed since the court's last order, the court can no longer modify a sentence. Rule 1:1.

Ziats v. Commonwealth, 42 Va. App. 133, 138-39, 590 S.E.2d 117, 120 (2003) (other citations omitted, emphasis and alteration in original).

It is uncontested that as of the December 22, 2011 hearing, appellant had already been transferred to the Department of Corrections. The only issue is whether the fact that appellant was transferred in violation of the court order allows the trial court to modify appellant's sentence.[2]

Code § 19.2-303 provides in relevant part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the

---

[2] We note that appellant is not claiming bad faith on the part of the Department of Corrections.

> unserved portion of such a sentence. The court may place the
> person on probation for such time as the court shall determine.

The burden is on the appellant, as the moving party, to prove that the trial court had jurisdiction to hear the matter by showing either that twenty-one days had not elapsed and thus the sentencing order was not yet final, or that the defendant had not been transferred to the custody of the Department of Corrections and "it appears compatible with the public interest and there are circumstances in mitigation of the offense." Harris v. Commonwealth, 57 Va. App. 205, 212, 700 S.E.2d 475, 478 (2010).

We recognize that the purposes of Code § 19.2-303 are rehabilitative in nature, Esparza v. Commonwealth, 29 Va. App. 600, 607, 513 S.E.2d 885, 888 (1999), and the statute should be liberally construed. See Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (stating that statutes should be liberally construed in keeping with their rehabilitative purpose); see also Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952) (noting that courts should liberally construe Code § 53-272, Code § 19.2-303's predecessor, in order to "afford to trial courts a valuable means of bringing about the rehabilitation of offenders against the criminal laws").

"This does not mean, however, that [appellant] is entitled to an interpretation of Code § 19.2-303 that is inconsistent with the statute's plain language." Patterson v. Commonwealth, 39 Va. App. 610, 616, 575 S.E.2d 583, 586 (2003); see also Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982) (noting that a statute may be interpreted in accord with its purpose only to the extent that such purpose "'may be accomplished without doing harm to [the statute's] language'" (quoting Gough v. Shaner, Adm'r, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955))). "The manifest intention of the legislature, clearly disclosed by its language, must be applied." Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944).

The legislature's intent expressed in Code § 19.2-303 is clear and needs no interpretation. When read in conjunction with Rule 1:1, Code § 19.2-303 establishes an absolute event, i.e., a transfer to the Department of Corrections, when a trial court can no longer modify a sentence. See In re Dep't of Corr., 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981).

Citing E.C. v. Va. Dep't of Juvenile Justice, 283 Va. 522, 527, 722 S.E.2d 827, 829-30 (2012), appellant argues that once a trial court obtains jurisdiction, it maintains jurisdiction to resolve all matters before it. While appellant correctly states the E.C. ruling, the cited statement must be read in context. The issue in E.C. was whether the circuit court had jurisdiction to consider E.C's. *habeas corpus* petition since E.C. had already been released from custody. The Supreme Court held that the circuit court had jurisdiction when the petition was filed, specifically, when E.C. was still in custody. Id. at 529, 722 S.E.2d at 830. Jurisdiction did not end when E.C. was released from custody. The Supreme Court concluded, "'[I]t is axiomatic that when a court acquires jurisdiction of the subject matter and the person, it retains jurisdiction until the matter before it has been fully adjudicated.'" Id. at 528, 722 S.E.2d 829 (quoting Laing v. Commonwealth, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964)).

Thus, appellant argues that at the first hearing on August 19, 2011, when appellant remained in the local jail, jurisdiction attached and appellant's subsequent transfer did not divest the court of jurisdiction to modify his sentence.

This argument ignores the plain language of Code § 19.2-303. "A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). Code § 19.2-303 clearly allows the court to modify an unserved portion of a sentence "any time before a person is transferred" to the Department of Corrections. Thus, the operative date in question is when the

court makes its ruling, not when the motion is filed, and not when the matter initially comes before the court.

While of no precedential value, our decision in Coe v. Commonwealth, 2004 Va. App. LEXIS 181 (Va. Ct. App. Mar. 2, 2004), supports our analysis in the instant case.[3]

In Coe, the trial court found it had no jurisdiction to modify appellant's sentence. Like the subject case, the trial court ordered that Coe not be transferred to the Department of Corrections pending a hearing on the motion to modify. After the motion had been filed on September 16, 2002, Coe was transferred to Department of Corrections on September 24, 2002, one day prior to the hearing. We read Code § 19.2-303 literally and concluded:

> Most significantly, there is no exception or qualification to the rule that would allow the circuit court to retain jurisdiction under the circumstances implicitly alleged by Coe – that the transfer occurred in violation of a court order retaining custody of a defendant in the local jail for some indefinite period of time. Thus, we find that the circuit court properly found that it lacked jurisdiction to consider Coe's motion to modify after his transfer to the Department of Corrections.

Coe, 2004 Va. App. LEXIS 181, at *12-*13.

Appellant attempts to distinguish Coe because Coe's analysis was based on a *nunc pro tunc* order. However, that order was not dispositive of the Code § 19.2-303 analysis. After this Court found that the trial court had no jurisdiction to suspend any part of Coe's sentence, this Court then stated, "Nevertheless, we need not rest our decision on those grounds alone. Indeed, we further find that the circuit court did not err in entering the *nunc pro tunc* order . . . ." Id. at *13. We addressed two separate issues in Coe, each independent of the other.

---

[3] "Although an unpublished opinion of the Court has no precedential value, a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." Fairfax Cnty. Sch. Bd. v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (*en banc*) (citation omitted); see also Rule 5A:1(f) ("The citation of judicial opinions, orders, judgments, or other written dispositions that are not officially reported . . . is permitted as informative, but shall not be received as binding authority.").

Appellant further contends that the trial court violated his procedural due process rights. Citing Zinermon v. Burch, 494 U.S. 113, 115 (1990), appellant contends on brief that "[a] deprivation of a protected interest caused by a random, unauthorized act of a state employee is a [due process violation] if the state 'fails to provide an adequate post deprivation remedy.'"

At oral argument appellant conceded this issue was not raised in the trial court. Rule 5A:18 is clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." "'Rule 5A:18 applies to bar even constitutional claims.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonweatlh, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)), aff'd, 270 Va. 1, 613 S.E.2d 459 (2005). As such, even due process claims will not be considered for the first time on appeal. Sheppard v. Commonwealth, 250 Va. 379, 393, 464 S.E.2d 131, 139 (1995).

> Rule 5A:18 serves an important function during the conduct of a trial. It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). By failing to raise this argument to the trial court, appellant deprived the trial court of the opportunity to consider whether his procedural due process rights were violated.

At oral argument, appellant argued for the first time that this Court should apply the ends of justice exception to Rule 5A:18 in order to allow this Court to address his procedural due process argument on the merits. In so arguing, counsel contended the trial court's error was clear, substantial, and material. However, counsel did not raise manifest injustice in his opening brief, nor did he file a reply brief in response to the Commonwealth's contention on brief that the issue of procedural due process is defaulted. Rule 5A:20(e) requires that when an issue has not

been preserved for appellate review, the opening brief shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable. Further, this Court will not consider an argument presented for the first time at oral argument. Va. Dep't of State Police v. Barton, 39 Va. App. 439, 447, 573 S.E.2d 319, 323 (2002). Because manifest injustice was not raised on brief, but for the first time at oral argument, we will not consider it. Since no exceptions to Rule 5A:18 apply, appellant's argument that his procedural due process rights were violated is waived.

Finally, appellant contends as a matter of public policy, that to bar appellant from obtaining a reduced sentence would be illogical. He argues on brief that to permit the Department of Corrections to transfer appellant in violation of a valid court order "would elevate form over substance and encourage acts in disrespect of the court and its processes." We reject this contention.

"The only public policy that concerns us . . . is the policy advanced by the legislature in the statute." Uninsured Employer's Fund v. Wilson, 46 Va. App. 500, 506-07, 619 S.E.2d 476, 479 (2005). The legislature is the "author of public policy." Campbell v. Commonwealth, 246 Va. 174, 184 n.8, 431 S.E.2d 648, 654 n.8 (1993). "We can only administer the law as it is written." Coalter v. Bargamin, 99 Va. 65, 71, 37 S.E. 779, 781 (1901). "For us, then, the 'best indications of public policy are to be found in the enactments of the Legislature.'" Uninsured Employer's Fund, 46 Va. App. at 506, 619 S.E.2d at 479 (quoting City of Charlottesville v. DeHaan, 228 Va. 578, 583, 323 S.E.2d 131, 133 (1984)).

We have no basis to conclude that the legislature did not mean what it unambiguously wrote in Code § 19.2-303. It created an absolute event when a trial court can no longer modify a sentence. It clearly limits the authority of the trial court to do so. The statute contains no exceptions. Although the legislature could have chosen less restrictive language, it did not do so. The legislature could have made an exception for "manifest injustice" as it did in Code

§ 19.2-296 (withdrawal of plea of guilty), or Code § 46.2-410.1 (jurisdictional review of revocation or suspension by Commissioner of the Department of Motor Vehicles). The legislature could have added "lawfully" as modifier of "transferred." Again, it did not do so. We are not permitted to rewrite statutes. Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

Any potential unfairness or inequity arising from this statute, as well may be the case here, must be resolved by the legislature, not the judiciary. See Wood v. Board of Supervisors of Halifax Cty., 236 Va. 104, 115, 372 S.E.2d 611, 618 (1988) ("[I]t is the responsibility of the legislature, not the judiciary, to formulate public policy, to strike the appropriate balance between competing interests, and to devise standards for implementation.").

Finding no error, we affirm the judgment of the trial court.

Affirmed.

Elder, J., dissenting.

The majority's interpretation of Code § 19.2-303 is well-written and has reasonable foundation in our case law. However, I cannot agree that the result the majority reaches is what the General Assembly intended when it "afford[ed] to trial courts a valuable means of bringing about the rehabilitation of offenders against the criminal laws." Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952). Because I believe that public policy overrides the strict interpretation of Code § 19.2-303 that the majority espouses, I respectfully dissent.

It is undisputed that in this case, appellant was mistakenly transferred to the Department of Corrections (DOC) despite the February 25, 2011 order that conveyed the trial court's explicit intent "to retain jurisdiction of [appellant's] case." The manifest intent of the General Assembly in enacting Code § 19.2-303 is clear: "The purposes of Code § 19.2-303 are rehabilitative in nature." Esparza v. Commonwealth, 29 Va. App. 600, 607, 513 S.E.2d 885, 888 (1999). Code § 19.2-303 "confer[s] upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)).

Here, the trial court informed appellant that his cooperation with the Commonwealth in testifying against his co-defendant was "substantively mitigating" and would have supported a reconsideration of appellant's sentence had he not been transferred to the DOC in contravention of the February 25, 2011 order. The majority's holding constrains the trial court's ability to reward a criminal defendant for cooperating with the Commonwealth, and imposes an unfair result on appellant.

- 10 -

I find guidance in the Supreme Court's decision in <u>E.C. v. Va. Dep't of Juvenile Justice</u>, 283 Va. 522, 525, 722 S.E.2d 827, 828 (2012), in which the Court held that although the petitioner had been released from custody while his petition for writ of habeas corpus was pending, the trial court still had jurisdiction to consider the petition. In June 2007, the petitioner entered guilty pleas on the charges of breaking and entering and rape. On August 18, 2009, a consortium of attorneys filed a petition for a writ of habeas corpus on the petitioner's behalf alleging that his guilty pleas were neither knowing nor voluntary and were constitutionally invalid for several reasons. <u>Id.</u> at 526, 722 S.E.2d at 829. Despite a request from the petitioner's attorneys that his release from parole supervision be delayed, the petitioner was released from supervision on August 24, 2009, six days after his habeas petition was filed. The Supreme Court rejected an interpretation of Code § 8.01-662 requiring that the petitioner still be under detention in order to seek relief from an allegedly unlawful conviction. <u>Id.</u> at 529, 722 S.E.2d at 830 (holding that "active jurisdiction arose [when] the petitioner was detained for purposes of habeas corpus when the petition was filed").

Further, the Court held that the controversy was not rendered moot by the petitioner's subsequent release from parole supervision where "a petitioner challenging the legality of his conviction continues to suffer a concrete and continuing injury, which is a collateral consequence of the conviction." <u>Id.</u> at 531, 722 S.E.2d at 831. Accepting a strict interpretation "would work a particularly harsh result in this case and in other cases involving juveniles who received indeterminate terms of confinement or parole under the supervision and control of the [Department of Juvenile Justice]." <u>Id.</u> at 535, 722 S.E.2d at 834. In keeping with the liberal construction given to remedial statutes, the Supreme Court held that "a petitioner exercising his right to challenge the validity of a conviction through a petition for a writ of habeas corpus

- 11 -

should not be deprived of that right because factors beyond his control have caused the proceeding to extend beyond the period of his sentence, probation or parole." Id.

Although the Supreme Court's holding in E.C. involved a petition for a writ of habeas corpus and not a motion for reconsideration of a sentence, the principles are similar. Code § 8.01-662 requires that "the court before whom the petitioner is brought shall either discharge or remand him, or admit him to bail and adjudge the cost of the proceeding, including the charge for transporting the prisoner." The plain meaning of the word "discharge" necessarily requires the detention of the petitioner because an agency cannot discharge a person who is not in its custody. However, a literal interpretation of this code section subverts the remedial purpose of Code § 8.01-662 because it "would allow the [Department of Juvenile Justice] to defeat any petition for a writ of habeas corpus filed by a juvenile under its supervision serving such an indeterminate sentence by releasing the juvenile from confinement or parole upon notification that such petition was filed." E.C., 283 Va. at 535, 722 S.E.2d at 834. Similarly, the literal interpretation of Code § 19.2-303 espoused by the majority allows an administrative agency to defeat any reconsideration of a defendant's sentence while he is in the custody of the local jail by transferring the individual to the DOC without any notice to the trial court and in contravention of its clearly expressed intent, memorialized in an order, to retain jurisdiction over the proceeding. Indeed, the majority's approach does not allow relief for those circumstances in which a transfer has been made in bad faith. Although the majority acknowledges the remedial nature of Code § 19.2-303, it adopts an interpretation that allows grossly unfair results, like those reached in this case.

Although the trial court should have vacated the final sentencing order, it did not lose jurisdiction to reconsider appellant's sentence under Code § 19.2-303 because appellant had been transferred to the DOC in contravention to the trial court's valid order that explicitly ordered

appellant to remain in the Norfolk City jail.  The majority's interpretation, though reasonable, achieves an unfair result through no fault of appellant.  Accordingly, I respectfully dissent.