PRESENT:  Goodwyn, Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Millette, S.J.

JEREMY WAYNE AKERS

v.  Record No. 190094

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
March 26, 2020

FROM THE COURT OF APPEALS OF VIRGINIA

Jeremy Wayne Akers appeals from the trial court's refusal to entertain a motion to reduce

his sentence under Code § 19.2-303.  The trial court concluded that Akers' transfer to the

Department of Corrections precluded the court from considering his motion.  Akers maintains

that the trial court and the Court of Appeals erred in concluding that the trial court was deprived

of jurisdiction to hear his motion to reduce his sentence following his transfer to the Department

of Corrections, and he further argues that his failure to obtain a hearing violated his state and

federal constitutional rights.[1]  For the reasons noted below, we disagree and affirm.

---

[1] Akers' assignments of error are as follows:

1.  The trial court abused its discretion by saying it had no jurisdiction to act under the "Motion for Modification of Sentence pursuant to § 19.2-303 of the Code of Virginia and New Hearing" and by default, [the Appellant,] Mr. Akers, was sentenced to the remaining 2 years 6 months of incarceration in the Virginia Department of Corrections.

2.  At oral argument and over the objection of counsel for Mr. Akers and *Stokes v. Commonwealth*, 61 Va. App. 388, Record No 0090-12-1, (2013), (Court of Appeals of Virginia, Chesapeake), the trial court ruled that it had no jurisdiction to act on the "Motion for Modification of Sentence pursuant to §19.2-303 of the Code of Virginia and New Hearing" since the DOC had picked up the Appellant five (5) days prior to the hearing.  Mr. Akers, th[r]ough counsel, believes under these facts, with a court order, the trial court had jurisdiction to act.

3.  At oral argument and over the objection of the Appellant, the trial court failed to hold that Appellant's procedur[al] due process rights were violated with no post deprivation remedy (As raised, but not acted on in *Stokes v. Commonwealth*, 61 Va. App. 388, Record No 0090-12-1, (2013), (Court of Appeals of Virginia, Chesapeake).  Counsel specifically raised the issue of due process rights being violated and by doing so, argued that there was no post

BACKGROUND

Pursuant to a guilty plea, Akers was convicted in 2014 of possession of methamphetamine by a prisoner.  He was sentenced to serve three years' imprisonment with two years and six months suspended.  In 2017, after Akers incurred new convictions for credit card theft, grand larceny, and receiving stolen goods, the Commonwealth asked the court to revoke a portion of Akers' suspended sentence.  On June 15, 2017, following a hearing, the circuit court revoked his entire suspended sentence of two years and six months.  This action was memorialized in an order dated June 23, 2017.

Four months later, on October 27, 2017, Akers filed a "Motion for Modification of Sentence Pursuant to § 19.2-303 of the Code of Virginia and New Hearing" asking the court to reconsider its order revoking his entire suspended sentence.  The Commonwealth agreed to a hearing, but did not agree to a modification of Akers' sentence.  That same day, the circuit court granted Akers a hearing on the motion.  The hearing was scheduled for January 16, 2018.  At the time the court scheduled the hearing, Akers was still in the custody of the Western Virginia Regional Jail.  Akers did not ask the trial court to order that Akers remain at the jail or otherwise prohibit Akers' transfer to the Department of Corrections ("DOC").

---

deprivation remedy once Mr. Akers was picked up by the DOC or some state employee. This issue left unresolved in *Stokes*, and which was given to the trial court to first consider, was clearly preserved for appeal.

4. At oral argument and over the objection of the Appellant, the trial court failed to recognize[] jurisdiction even though the act of picking up the Appellant by the DOC or some state employee violated the Appellant's rights pursuant to the 5th Amendment of The United States Constitution, the 8th Amendment of The United States Constitution, the 14th Amendment of The United States Constitution and Article I. Bill of Rights, Section 8, Criminal Prosecutions, of the Constitution of Virginia.

On January 11, 2018, five days before the scheduled hearing on the motion to reconsider and more than six months after his suspended sentence was revoked, counsel and the court learned that Akers had been taken into the custody of the DOC. At a later hearing, the trial court rejected Akers' arguments that it still had jurisdiction to hear his motion. It concluded that, once Akers was transferred to the custody of the DOC, both Rule 1:1 and the exception provided in Code § 19.2-303 barred the court from considering Akers' motion.

The Court of Appeals denied Akers' appeal, likewise concluding that the revocation order became final 21 days after it was entered, pursuant to Rule 1:1, and Code § 19.2-303 did not allow the court to rule on any sentence modification because it lost jurisdiction once Akers had been transferred to the custody of the DOC. The Court of Appeals further determined that the trial court did not err in failing to consider Akers' constitutional arguments because it lacked jurisdiction to hear the case.

ANALYSIS

Under Rule 1:1, a trial court may modify, vacate, or suspend any judgment, order, or decree within 21 days after the date of entry, *but not longer*. A trial court is divested of jurisdiction after the passage of 21 days. Subject to limited exceptions, "[a]t the expiration of that 21-day period, the trial court loses jurisdiction to disturb a final judgment, order, or decree." *School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 554 (1989). An order entered in violation of Rule 1:1 is void. *Super Fresh Food Markets of Virginia, Inc. v. Ruffin*, 263 Va. 555, 563 (2002). This rule serves important objectives.[2] Moreover, the finality

_____

[2] *See, e.g., Montana v. United States*, 440 U.S. 147, 153-54 (1979) ("[P]reclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").

of judgments ranks very high among the interests in our system of law. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 693-94 (1984) (noting the "profound importance of finality in criminal proceedings"). Litigation, and its attendant expense and uncertainty, must end sometime.

Code § 19.2-303 is an exception to Rule 1:1. Code § 19.2-303 states, in part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.[3]

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun Cty. Dep't of Social Servs. v. Etzold*, 245 Va. 80, 85 (1993). "The manifest intention of the legislature, clearly disclosed by its language, must be applied." *Anderson v. Commonwealth*, 182 Va. 560, 566 (1944).

In *Stokes v. Commonwealth*, 61 Va. App. 388, 394 (2013), the Court of Appeals held that "[t]he legislature's intent expressed in Code § 19.2-303 is clear and needs no interpretation." Rejecting arguments similar to those advanced by Akers here, the Court of Appeals in *Stokes* held that "Code § 19.2-303 establishes an absolute event, i.e., a transfer to the Department of Corrections, when a trial court can no longer modify a sentence." *Id.* We agree with the Court of Appeals. The trial court and the Court of Appeals correctly interpreted the plain language of

---

[3] The predicate for the application of Code § 19.2-303 is a felony sentencing. For purposes of this opinion, we will assume that the statute applies to *revocations* of partially suspended felony sentences.

4

the statute and held that once Akers had been transferred to the Department of Corrections, the trial court could no longer modify his sentence.

*E.C. v. Virginia Dep't of Juvenile Justice*, 283 Va. 522 (2012), relied upon in part by Akers, has no bearing on this case. *E.C.* was a habeas corpus case governed by a separate body of law. We concluded that E.C.'s release from custody while his habeas corpus petition was pending did not preclude the court from adjudicating the petition. *Id.* at 529-30. In this case, we are dealing with a statutory grant of jurisdiction. The specific and plain language of the statute, noted above, controls and barred the trial court from entertaining Akers' motion.

We note that there are several avenues by which a defendant who has sought relief under Code § 19.2-303 can seek to preserve the status quo so that the motion can be heard. First, the defendant can ask the court to suspend or vacate the sentencing order. A trial court can exercise its discretion to enter such an order. Code § 19.2-310, states, in relevant part:

> Every person sentenced by a court to the Department of Corrections upon conviction of a felony shall be conveyed to an appropriate receiving unit operated by the Department in the manner hereinafter provided. The clerk of the court in which the person is sentenced shall forthwith transmit to the Central Criminal Records Exchange the report of dispositions required by § 19.2-390. The clerk of the court within 30 days from the date of the judgment shall forthwith transmit to the Director of the Department a certified copy or copies of the order of trial and a certified copy of the complete final order . . . .

Under Code § 53.1-20, "[t]he Director shall receive all such persons [those convicted of a felony] into the state corrections system within sixty days of the date on which the final sentencing order is mailed by certified letter or sent by electronic transmission to the Director."[4] Without a sentencing order, the DOC will refrain from taking a defendant into custody.

---

[4] In reality, however, the period of time that elapses prior to the DOC assuming custody of inmates housed at local or regional jails varies greatly.

Second, the court can, in its discretion, order the DOC to refrain from taking the defendant into custody as a means of protecting its jurisdiction to hear a pending motion for modification. It is the responsibility of the defendant to ensure that the DOC is aware of such an order.[5]

Akers also raises a number of insubstantial constitutional arguments. He claims that his rights under the Fifth, Eighth and Fourteenth Amendments were violated. U.S. Const. amend. V, VIII, XIV. Turning first to procedural due process, Akers does not contest that he was provided with notice prior to his revocation hearing. He received a hearing before a judge where he was represented by counsel at the hearing and where he had the opportunity, among other things, to call for evidence in his favor. Nothing more was required. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787-89 (1973). "The essence of federalism is that states must be free to develop a variety of solutions to problems and not be forced into a common, uniform mold." *Addington v. Texas*, 441 U.S. 418, 431 (1979). The federalist structure of our Constitution allows states to provide avenues for relief that go beyond the strict constitutional minimum, but it also contemplates that States can decide how such relief should be limited.

As for the Eighth Amendment of the United States Constitution, it forbids excessive bail and fines as well as cruel and unusual punishments. U.S. Const. amend. VIII. To the extent the Eighth Amendment contains a procedural component, it has not been extended to a situation like this one, where a hearing provided by state law to reconsider an otherwise final sentence is foreclosed because a precondition for such a hearing, i.e., the defendant's continued custody in the regional jail, is no longer satisfied. Additionally, Akers' punishment imposed as a result of the revocation hearing stems from his prior guilty plea for a crime, for which he received a

---

[5] This case does not call upon us to address the question of whether a trial court retains jurisdiction to consider the merits of a motion to modify a sentence when the trial court has entered such an order, but the defendant was nevertheless taken into the DOC custody.

6

partially suspended sentence, followed by several new felony convictions. We are nowhere close to an Eighth Amendment violation on these facts.

Finally, Akers alleges a violation of Article I, section 8 of the Constitution of Virginia, which states that "in criminal prosecutions a man hath a right to . . . call for evidence in his favor." Va. Const. art. I, § 8. Akers, however, had ample opportunity to call for evidence in his favor, both at his underlying trial and in the revocation hearing. No violation of this constitutional provision occurred here.

## CONCLUSION

The decision of the Court of Appeals is affirmed.

*Affirmed*.