UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Chaney and Callins

DANIEL BRICE CROUSE

                                                    MEMORANDUM OPINION*
v.        Record No. 0903-21-3                             PER CURIAM
                                                    MAY 31, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SMYTH COUNTY
Deanis L. Simmons, Judge

(Dale R. Jensen; Dale Jensen, PLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


In 2012, Daniel Brice Crouse entered a guilty plea to capital murder, robbery, five counts of

using a firearm in the commission of a felony, and possessing a firearm after conviction of a

felony.[1]  The trial court convicted him of those charges, and by order entered June 12, 2012, it

sentenced him to two terms of life imprisonment plus an additional seventeen years of

imprisonment.

Nine years later, on June 22, 2021, appellant filed a motion to vacate the 2012 judgment.

He asserted that his conviction and sentences were unlawful because he suffered from undiagnosed

mental illness at the time of his convictions and his diminished mental capacity reduced his criminal

culpability for the crimes.  The trial court found that it lacked jurisdiction to consider the motion and

dismissed the matter.  Appellant asks this Court to review the dismissal.  After examining the briefs

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As part of the plea agreement, the trial court granted the Commonwealth's motion to
*nolle prosequi* three charges of abduction, two charges of capital murder, and a conspiracy
charge.

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit," Code § 17.1-403(ii)(a); Rule 5A:27(a), and affirm the judgment of the trial court.

On appeal, appellant concedes that the time periods to note a direct appeal from his convictions, to file a petition for a writ of habeas corpus pursuant to Code § 8.01-654, and for the trial court to entertain a motion to modify his sentences pursuant to Code § 19.2-303 have long since passed.[2] Nonetheless, appellant asserts that the trial court had the authority to set aside the judgment because "he had an undiagnosed mental illness at the time of his trial and was sentenced without any consideration of his mental issues."[3] He maintains that he "should have received a lesser sentence than a similarly situated adult offender due to his diminished capacity, resulting in less culpability." Appellant does not contend that the trial court imposed sentences that exceeded the limits permitted by Virginia law at the time of his conviction and sentencing.

Appellant's reasoning ignores Rule 1:1(a), which provides that a trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only twenty-one days after the date of entry. "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Clearly, when appellant filed his motion to vacate in 2021, more than twenty-one days had passed since appellant's 2012 sentencing order.

---

[2] Appellant makes no claim that the trial court was authorized to modify the sentencing order pursuant to Code § 8.01-428(B), which provides that "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party . . . ." Nothing advanced by appellant constitutes a "clerical mistake" or other matter subject to correction pursuant to Code § 8.01-428(B).

[3] In support of his claim, appellant relies upon an affidavit he claims to have executed on April 19, 2021, "recount[ing] a life of abuse and trauma." Our search of the record reveals no such affidavit.

Appellant does not acknowledge Rule 1:1(a) in his argument. Instead, appellant relies upon *Dargan v. Commonwealth*, 27 Va. App. 495, 497 (1998) (*en banc*), where the trial court imposed a sentence upon a defendant that exceeded the maximum sentence allowed under Virginia law for his crime. This Court observed that the "imposition of [a] void sentence does not terminate the jurisdiction of the [trial] court." *Id.* (alterations in original) (quoting *Powell v. Commonwealth*, 182 Va. 327, 340 (1944)). "A trial court may correct a void or unlawful sentence at any time." *Id.*

By contrast, the sentences imposed upon appellant by the trial court in 2012 were within the limits permitted under Virginia law at the time he committed his crimes. *See* Code § 18.2-53.1; 2021 Va. Acts Spec. Sess. I. ch. 534 (amending Code § 18.2-58); 2010 Va. Acts chs. 399, 428, 475 (amending Code § 18.2-31); 2010 Va. Acts ch. 781 (amending Code § 18.2-308.2). The sentences imposed by the trial court thus were neither unlawful nor an abuse of discretion. *See Du v. Commonwealth*, 292 Va. 555, 564-65 (2016).

That appellant has styled his request for relief as a motion to vacate does not alter the analysis. *See Jones v. Commonwealth*, 293 Va. 29 (2017). In *Jones*, the defendant filed a motion to vacate his life sentence twelve years after it had been imposed. *Id.* at 34. The defendant maintained that his sentence violated *Miller v. Alabama*, 567 U.S. 460 (2012), in that, under the Eighth Amendment, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Jones*, 293 Va. at 35 (quoting *Miller*, 567 U.S. at 489). After the trial court's denial of the motion was affirmed on appeal, the United States Supreme Court remanded the case for further consideration in light of the more recent decision of *Montgomery v. Louisiana*, 577 U.S. 190 (2016). *Jones*, 293 Va. at 37-38. On remand, the Virginia Supreme Court found that "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the

criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Id.* at 53. "Just as habeas corpus cannot be used as a substitute for a direct appeal, a motion to vacate cannot be used as a substitute for a habeas corpus petition." *Id.* (internal citation omitted).

Consistent with the Virginia Supreme Court's decision in *Jones* and the strictures of Rule 1:1(a), the trial court did not err in finding that it lacked jurisdiction to entertain appellant's motion to vacate. Accordingly, we affirm the trial court's determination that it lacked jurisdiction.

*Affirmed.*