PUBLISHED

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **23rd** *day of* **July, 2024**.

Mohammad Hussein Abanda, Appellant,

against      Record No. 1677-23-2
          Circuit Court Nos. CR21-F-0447, CR21-F-0599, CR21-F-0600 and
          CR21-F-1539

Commonwealth of Virginia, Appellee.

From the Circuit Court of the City of Richmond

Before Judges O'Brien, Malveaux and Raphael

Mohammad Abanda appeals the trial court's order denying his motion under Code § 19.2-303 to modify his criminal sentence. Although the trial court denied Abanda's motion on the merits, it lacked jurisdiction to do so because the court did not act "within 60 days" of the date that Abanda was transferred to the custody of the Department of Corrections, as required by Code § 19.2-303. It does not matter that Abanda filed his motion before the expiration of that 60-day period. Under Code § 19.2-303, "the operative date . . . is when the court makes its ruling, not when the motion is filed, and not when the matter initially comes before the court." *Stokes v. Commonwealth*, 61 Va. App. 388, 395 (2013). Accordingly, we vacate the trial court's order and remand this case with directions for the trial court to dismiss Abanda's motion.

## BACKGROUND

After a bench trial, Abanda was found guilty of conspiracy to commit abduction (CR21-F-0447), two counts of felony abduction (CR21-F-0599 & -0600), and misdemeanor assault and battery by mob (CR21-F-1539). On May 16, 2022, the trial court sentenced Abanda on the conspiracy conviction to 10 years' incarceration with 10 years suspended; 20 years with 18 suspended for the first abduction conviction; 20 years with 15 suspended for the second abduction conviction; and 12 months, all suspended, for the misdemeanor conviction. This resulted in an active sentence of 7 years' incarceration. We recently affirmed

Abanda's convictions, rejecting his challenge to the sufficiency of the evidence. *See Abanda v. Commonwealth*, No. 0770-22-2, 2023 Va. App. LEXIS 722 (Oct. 24, 2023) (*Abanda I*).

Abanda was transferred to the custody of the Department of Corrections on August 2, 2022, while his appeal in *Abanda I* was pending. Fifty-nine days later—on September 30, 2022—Abanda filed a motion in the trial court under Code § 19.2-303 to modify his sentence. Abanda argued that a sentence reduction was warranted because (1) he had recently been diagnosed with post-traumatic stress disorder and (2) he had expressed remorse for his actions. The trial court entered an order directing that Abanda be transferred from the Greensville Correctional Center to the circuit court for a hearing on November 22, 2022.

At that hearing, the Commonwealth's attorney questioned whether the trial court still had jurisdiction. Abanda's attorney agreed that Abanda had been transferred to the Department of Corrections on August 2, but she asserted that the motion to modify his sentence was timely filed within the 60-day period required by Code § 19.2-303. The Commonwealth's attorney did not press the jurisdictional point, however, and the trial court assumed that it had jurisdiction. The court found that the points Abanda raised in his motion did not warrant modifying his sentence. The trial court denied the motion on December 8, 2022.

On September 25, 2023, we granted Abanda leave to file a delayed appeal from the December 8, 2022 order, and this appeal followed. The Commonwealth filed no brief on the merits. Instead, it moved to dismiss the appeal as moot. The Commonwealth argued that, even if this Court remanded the case for further proceedings, the trial court could not act because it would lack jurisdiction under Code § 19.2-303. When pressed on the jurisdictional question at oral argument, the Commonwealth agreed that the trial court lacked jurisdiction when it first ruled on Abanda's motion because that ruling came after the 60-day period had lapsed. Abanda disagrees. He claims that the court retained jurisdiction because he filed his motion on the 59th day after his transfer to the Department of Corrections. Both sides cited supplemental authorities for the first time at oral argument. We permitted each side to respond in writing to the other side's supplemental authorities. The Commonwealth's motion to dismiss is now ripe for decision.

ANALYSIS

"[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte." *Dobson v. Commonwealth*, 76 Va. App. 524, 530 n.6 (2023) (quoting *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998)). "[W]hile a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). As explained below, we find that the trial court lacked jurisdiction to consider Abanda's motion to modify his criminal sentence.

"In a criminal case, the final order is the sentencing order." *Dobson*, 76 Va. App. at 528 (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)). "A final order generally remains under the trial court's control for 21 days." *Id.* (citing Rule 1:1(a)); Rule 1:1(a) ("All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for [21] days after the date of entry, and no longer.").

This rule is "mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the [21-day] time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002). "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the [21-day] time period of Rule 1:1." *Id.* at 560.

But the General Assembly has enacted several statutes that extend the trial court's jurisdiction in criminal cases beyond the 21-day period specified in Rule 1:1. *See Vanmeter v. Commonwealth*, 80 Va. App. 324, 331 (2024) (discussing Code §§ 19.2-303, 19.2-303.01, 19.2-306(A), and 19.2-354(C)(ii)). As relevant here, the first sentence of the last paragraph of Code § 19.2-303 provides:

> If a person has been sentenced for a felony to the Department of
> Corrections (the Department), the court that heard the case, if it appears
> compatible with the public interest and there are circumstances in

> mitigation of the offense, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence.

We have twice stated that Code § 19.2-303 "controls over Rule 1:1 in determining whether the trial court had jurisdiction to consider [the defendant's] motion." *Vanmeter*, 80 Va. App. at 331 (alteration in original) (quoting *Dobson*, 76 Va. App. at 530 n.6).

Code § 19.2-303 was amended in 2021 to extend the trial court's jurisdiction to modify a criminal sentence until 60 days after the defendant is transferred to the Department of Corrections:

> If a person has been sentenced for a felony to the Department of Corrections *(the Department)* ~~but has not actually been transferred to a receiving unit of the Department~~, the court ~~which~~ *that* heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, *or within 60 days of such transfer*, suspend or otherwise modify the unserved portion of such a sentence.

2021 Va. Acts Spec. Sess. I ch. 176. The effect of that amendment is central to the jurisdictional question here.

Before the 2021 amendment, we held in *Stokes* that a trial court loses jurisdiction to modify a criminal sentence if the court does not act before the defendant is transferred to the Department of Corrections. 61 Va. App. at 395. The "plain language" of the statute compelled that result. *Id.* Because the language was clear, it did not matter that "the purposes of Code § 19.2-303 are rehabilitative in nature." *Id.* at 393. Nor that "the statute should be liberally construed." *Id.* Indeed, it did not matter that Stokes had been transferred to the Department of Corrections in violation of the trial court's order that he remain in local custody. *Id.* at 391. We said that "[t]he statute contains no exceptions. . . . Any potential unfairness or inequity arising from this statute . . . must be resolved by the legislature, not the judiciary." *Id.* at 398. In short, "[w]hen read in conjunction with Rule 1:1, Code § 19.2-303 establishes an absolute event, i.e., a transfer to the Department of Corrections, when a trial court can no longer modify a sentence." *Id.* at 394. "[T]he operative date . . . is when the court makes its ruling, not when the motion is filed, and not when the matter initially comes before the court." *Id.* at 395.

-4-

The Supreme Court agreed with that interpretation in *Akers v. Commonwealth*, 298 Va. 448 (2020). The Court said that "[t]he Court of Appeals correctly interpreted the plain language of [Code § 19.2-303] and held that once Akers had been transferred to the Department of Corrections, the trial court could no longer modify his sentence." *Id.* at 453.

Abanda argues that the 2021 amendment to Code § 19.2-303 implicitly superseded *Stokes* and *Akers* when it added the 60-day extension period. He says that the relevant event now is when the sentence-modification motion is filed, not when 60 days passes from the defendant's transfer to the Department of Corrections. Abanda maintains that, as long as the motion is filed within that 60-day period—and here, it was filed on the 59th day—the motion is timely and the court retains jurisdiction to act at any time after that.

But we see nothing in the 2021 amendment to support Abanda's reading. "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly." *Dobson*, 76 Va. App. at 531 (quoting *Weathers v. Commonwealth*, 262 Va. 803, 805 (2001)). The only relevant change by the 2021 amendment was to extend the trial court's jurisdiction to modify a sentence until 60 days after the defendant has been transferred to the Department of Corrections. As before, "the operative date . . . is when the court makes its ruling, not when the motion is filed." *Stokes*, 61 Va. App. at 395. We held in *Dobson* that the 2021 amendment did not change the rule that the defendant bears the burden of establishing that the trial court retains jurisdiction to act on a motion under Code § 19.2-303. 76 Va. App. at 531. Likewise, the 2021 amendment "has not explicitly or even implicitly countermanded," *id.*, the rulings in *Akers* and *Stokes* that the trial court loses jurisdiction to modify the sentence once the deadline passes by which the trial court must act.

We are not persuaded by Abanda's reliance on dicta in several unpublished cases suggesting that a trial court might retain jurisdiction to modify a sentence as long as the motion is "filed" before the 60-day deadline. *See Revell-Walgorski v. Commonwealth*, No. 0939-22-1, slip op. at 4, 2023 Va. App. LEXIS 589, at *5 (Sept. 25, 2023) (per curiam); *Davis v. Commonwealth*, No. 1085-22-2, slip op. at 5, 2023 Va. App.

LEXIS 91, at *6 (Feb. 14, 2023) (per curiam); *Davis v. Commonwealth*, No. 1296-22-2, slip op. at 5, 2023 Va. App. LEXIS 473, at *6 (July 18, 2023) (per curiam). Those cases are neither binding[1] nor persuasive. The Court in each case found that jurisdiction was lacking. None held that the trial court's jurisdiction could be extended beyond the 60-day limit in Code § 19.2-303 as long as the sentence-modification motion had been filed beforehand. To prevent any future misunderstandings, however, we disavow any suggestion that as long as the defendant files his motion under Code § 19.2-303 by the 60-day deadline, a trial court retains continuing jurisdiction to adjudicate it. In short, if the trial court fails to act on the sentence-modification motion by the 60th day from the defendant's transfer to the Department of Corrections, the court loses jurisdiction to act on the motion.

### CONCLUSION

The trial court lacked jurisdiction to act on Abanda's motion to modify his sentence. Accordingly, we grant the Commonwealth's motion to dismiss the appeal. The trial court's judgment is vacated, and the case is remanded with instructions to dismiss Abanda's September 30, 2022 motion under Code § 19.2-303 for lack of jurisdiction.

This order shall be published and certified to the trial court.

A Copy,

Teste:

A. John Vollino, Clerk

By: *Marthy K P. Ring*

Deputy Clerk

---

[1] Unpublished opinions may be cited "as informative, but will not be received as binding authority." Rule 5A:1(f).

-6-