UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, White and Senior Judge Annunziata
Argued at Fairfax County


JASON KEITH WALKER

                                          MEMORANDUM OPINION* BY
v.        Record No. 0050-24-4            JUDGE KIMBERLEY SLAYTON WHITE
                                          DECEMBER 30, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge[1]

Jamie Hospers, Assistant Public Defender, for appellant.

Cassandra E. Sheehan, Assistant Attorney General (Jason S.
Miyares, Attorney General; Margaret Hoehl O'Shea, Senior
Assistant Attorney General, on brief), for appellee.


This appeal requires the Court to address matters of the circuit court's jurisdiction and the

Attorney General's standing to contest the validity of an order entered in a revocation

proceeding.  In 2023, the trial court issued a vacatur order setting aside an earlier order granting

Jason Keith Walker a sentence modification.  On appeal, Jason Keith Walker contends that the

circuit court erred in granting the Virginia Department of Correction's (VDOC) motion to

vacate.  He argues that the circuit court erred in denying his motion to reconsider and by failing

to address his challenge to VDOC's standing to appear in the case.  In the alternative, Walker

argues that the Office of the Attorney General and VDOC are not the proper constituent parties

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Bernhard became a member of this Court on January 1, 2025.  He took no part in
the consideration of this matter.  Daniel T. Ortiz became a member of this Court on September 1,
2021.  As he presided during some of the earlier proceedings of this case, he took no part in the
consideration of this matter.

representing the Commonwealth. We find no merit in Walker's arguments and affirm the circuit court's judgment.

## BACKGROUND

On appeal, we review the facts "in the light most favorable to the Commonwealth, the prevailing party" below. *Carter v. Commonwealth*, 79 Va. App. 329, 334 (2023). "We 'regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.'" *Id.* (quoting *McGowan v. Commonwealth*, 72 Va. App. 513, 516 (2020)).

In 2014, Walker pleaded guilty to credit card fraud and two counts of burglary. The circuit court sentenced him to concurrent terms of five years' incarceration for each offense, with three years and six months suspended. In 2019, Walker admitted that he had violated his probation a second time.[2] By order entered on July 31, 2019 ("revocation order"), the circuit court found that Walker had violated the conditions of his suspended sentence and ordered that 12 months of the suspended sentence be revoked and ordered into execution, to be "served in jail." Walker was transferred to Nottoway Correctional Center, a VDOC facility, on October 8, 2019, to serve a separate sentence on unrelated charges.

In October and November 2021, Walker filed *pro se* motions to reconsider his revocation and requested court-appointed counsel. The circuit court granted the motion for counsel and continued the matter for a hearing. At a hearing on January 7, 2022, Walker argued that because the revocation order sentenced him to only 12 months and ordered him to serve the time in "jail," it was not a probation revocation but a new conviction under Code § 19.2-303. By order dated

---

[2] There is no probation report in the record, but the transcript of the hearing refers to a conviction in Arlington for robbery with the use of a firearm, for which Walker was sentenced to 30 years' incarceration with 22 years suspended, and a felony petit larceny conviction in Fairfax for which he was sentenced to 3 years' imprisonment.

January 12, 2022, the circuit court granted the motion for reconsideration and ordered that Walker's revocation sentence run concurrently with the sentence on unrelated charges ("modification order").

In November 2022, VDOC moved to vacate the modification order because the circuit court did not have jurisdiction under Rule 1:1 to modify the revocation order and no exceptions to the 21-day rule applied. After a hearing, the circuit court issued a letter opinion which summarized the Commonwealth's argument that Walker's unserved "jail sentence" imposed upon revocation of a suspended penitentiary sentence was not modifiable under Code § 19.2-303, so the modification order was void ab initio. The circuit court acknowledged that it lacked active jurisdiction to modify Walker's sentence, and without a statutory exception to Rule 1:1, the revocation order was final. The circuit court vacated the modification order ("vacatur order") and denied Walker's subsequent motion to reconsider. This appeal followed.

ANALYSIS

The case presents a question of the circuit court's jurisdiction. We review de novo questions of a court's jurisdiction. *Johnson v. Johnson*, 72 Va. App. 771, 777 (2021). "Subject matter jurisdiction defines a court's 'power to adjudicate a case.'" *Hannah v. Commonwealth*, 303 Va. 106, 123 (2024) (quoting *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018)). It "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Spanos v. Taylor*, 76 Va. App. 810, 818 (2023) (quoting *Pure Presbyterian Church*, 296 Va. at 49).

I. The circuit court properly granted VDOC's motion to vacate.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after

- 3 -

the entry of the order, *and no longer*." Rule 1:1(a) (emphasis added). Rule 1:1 is "mandatory in order to assure the certainty and stability that the finality of judgment brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the circuit court is thereafter without jurisdiction in the case." *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023) (quoting *Super Fresh Food Mkts. of Va. Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." *Id.* Rule 1:1 "forbids such alterations of an order after 21 days from final judgment except in cases governed by Code § 19.2-303." *Hill v. Commonwealth*, 301 Va. 222, 229 (2022).

Code § 19.2-303[3] provides an exception to Rule 1:1: "[i]f a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case" may, under specified circumstances, suspend or otherwise modify the sentence "*before* the person is transferred to the Department." *Stokes v. Commonwealth*, 61 Va. App. 388, 393 (2013) (emphasis added). "[W]hen read in conjunction with Rule 1:1, Code § 19.2-303 establishes an absolute event, i.e., a transfer to the Department of Corrections, when a trial court can no longer modify a sentence." *Abanda v. Commonwealth*, 81 Va. App. 354, 360 (2024) (quoting *Stokes*, 61 Va. App. at 394).

---

[3] The General Assembly amended Code § 19.2-303 in 2019 and in 2021. Under the circumstances of this case and our authority, the outcome is the same: "if the trial court fails to act on the sentence-modification motion by the 60th day from the defendant's transfer to the Department of Corrections, the court loses jurisdiction to act on the motion." *Abanda v. Commonwealth*, 81 Va. App. 354, 362 (2024); *see also Stokes v. Commonwealth*, 61 Va. App. 388, 394 (2013). Thus, the circuit court lacked jurisdiction to consider Walker's motions filed in 2021.

Walker argues that the trial court retained jurisdiction to modify because he suffered a "new" conviction that resulted in a jail sentence. Although Walker's argument has some initial appeal, it finds no support in Virginia law. A "probation violation is not itself a criminal conviction." *Alsberry v. Commonwealth*, 39 Va. App. 314, 318 (2002) (quoting *Merritt v. Commonwealth*, 32 Va. App. 506, 509 (2000)). Rather, a "revocation of probation is merely a modification of the sentence" imposed for a prior conviction. *Id.* Here, the circuit court found Walker in violation of the terms of his suspended sentence on July 31, 2019, and imposed 12 months of the suspended sentence. The trial court's specification that the 12 months it ordered into execution be served in jail did not change the character of the original sentence. It merely specified where Walker would serve the revocation period.

That revocation order became final 21 days later, on August 21, 2019. Walker was transferred to the DOC on October 8, 2019. The "operative date [to extend the trial court's jurisdiction] . . . is when the court makes its ruling, not when the motion is filed." *Abanda*, 81 Va. App. at 361 (quoting *Stokes*, 61 Va. App. at 395). So the trial court lost jurisdiction to modify the revocation order long before it had been entered.

A "judicial order can be deemed void ab initio, sometimes even years after it has been entered." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019). "'[W]hether an alleged error by a trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law' between two very different but semantically similar concepts: subject matter jurisdiction and, for lack of a better expression, active jurisdiction." *Id.* "An order is void ab initio, rather than merely voidable, if 'the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt.'" *Collins v. Shepherd*, 274 Va. 390, 402 (2007).

The modification order was void ab initio because it was entered long after the circuit court had lost jurisdiction to consider Walker's motion for reconsideration. The VDOC bore responsibility for Walker's custody, so its motion to vacate the modification order was a proper vehicle to have the void order so declared.

II. Walker's motion to reconsider was correctly denied.

"Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court." *Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013). Absent a valid excuse, "no party who has had his day in court can reopen the hearing . . . on the mere ground that he wishes to interpose other defenses which he neglected to interpose before such decision was made." *Id.* at 109-10 (alteration in original). The "valid excuse" standard typically "requires a showing that the party has exercised due diligence in making the best of prior opportunities to address the issue, has obtained newly-discovered evidence that could not have been discovered during a reasonably thorough investigation, or has recently learned of an unforeseeable judicial ruling affecting the issue previously decided by the court." *Khine v. Commonwealth*, 82 Va. App. 530, 552 (2024) (quoting *Thomas*, 62 Va. App. at 110). "Whether a trial court should reopen an evidentiary record is 'a matter we review under the highly deferential abuse-of-discretion standard.'" *Id.* (quoting *Thomas*, 62 Va. App. at 111).

Walker's motion for reconsideration presented a litany of suggested procedural bars and defenses with no argument or explanation for why they were not employed during the hearing on the VDOC's motion to vacate the modification order. The motion identified no newly discovered evidence or an unforeseeable judicial ruling; it merely reiterated arguments the circuit court had considered and rejected. Under the circumstances, we find no abuse of discretion.

III.  VDOC and the Attorney General had standing to represent the Commonwealth.

When VDOC "is vested with jurisdiction over the prisoner, certainly [VDOC] is the proper party" to question the validity of an order addressing the prisoner's custody and has "standing to maintain this litigation to establish its exclusive authority."  *In re Commonwealth, Dep't of Corrections*, 222 Va. 454, 466 (1981).  Following his revocation hearing, Walker was transferred to a VDOC facility on October 8, 2019, and he remained in VDOC custody throughout the proceedings below.  Thus, VDOC is an appropriate party to challenge the validity of the modification order.

The Attorney General's participation as counsel for VDOC was statutorily required. "[A]ll legal service in civil matters for the Commonwealth . . . every state department . . . shall be rendered and performed by the Attorney General."  Code § 2.1-124.  A motion to vacate, like a petition for habeas corpus tests the "legality of the incarceration rather than the guilt or innocence of the prisoner" and was "civil in nature."  *Va. Dep't of Corrections v. Crowley,* 227 Va. 254, 262 (1984).  Here, the Attorney General filed the motion to vacate the modification order as counsel for VDOC in a civil proceeding.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*