COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Annunziata
Argued at Chesapeake, Virginia

RICHARD DOUGLAS THOMAS, JR.

                                                    OPINION BY
v.      Record No. 0217-12-1                 JUDGE D. ARTHUR KELSEY
                                                    MAY 28, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge[1]

J. Barry McCracken, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Victoria Johnson, Assistant Attorney General I (Kenneth
T. Cuccinelli, II, Attorney General, on brief), for appellee.


A jury found Richard Douglas Thomas, Jr., a convicted felon, guilty of possessing a

firearm in violation of Code § 18.2-308.2.  On appeal, Thomas argues the trial court erroneously

failed to reopen and reconsider a pretrial ruling denying his motion to suppress.  Finding no such

error, we affirm.

I.

Shortly after midnight on March 28, 2010, officers from the Norfolk Police Department

observed Thomas as they patrolled a public housing project in an effort to enforce its no-

trespassing policy.  Riding bicycles, the officers pedaled up to Thomas and his companions as

they walked outside between two apartment buildings.  The officers asked the young men to

identify themselves and to state why they were on the property.  After Thomas supplied his

identification, one of the officers asked him "if he had anything on him that [the officer] needed

_____

[1] Judge Jones presided over the jury trial, and Judge Everett A. Martin, Jr., ruled on
Thomas's motion to reopen and reconsider.

to know about." App. at 38. When Thomas said "he did not," the officer asked for consent to pat him down. Id. Without protest, Thomas lifted his hands in the air, turned around, and stepped back toward the officer. Interpreting Thomas's actions as non-verbal consent, the officer reached into Thomas's waistband and pulled out a 9mm Ruger handgun.

A grand jury indicted Thomas for possessing a firearm after having been convicted of a violent felony. As the case proceeded to trial, Thomas filed a motion to suppress the firearm. He conceded that the officers conducted a "consensual encounter," id. at 6, and thus, did not need any individualized suspicion to ask for his identification or to request a consensual search. Instead, Thomas challenged only the legality of the pat down, arguing he did not consent to the search. The trial court denied the motion and held Thomas non-verbally consented to the pat down by turning and stepping toward the officer while raising his arms.

Five months later, Thomas filed a motion to reopen and reconsider the previously-denied motion to suppress. In his motion, Thomas sought to withdraw his earlier concession that the initial encounter was consensual and argued the officers had seized him "from the outset."[2] Id. at 21. Thomas also argued the court erred in finding that his conduct implied consent for the officers to conduct a pat down of his person. The trial court denied the motion and entered an order explaining in detail its reasons for doing so. The court took into account that:

- The original motion to suppress, though heard and decided, was itself untimely because it had been filed two months past the pretrial motions deadline established by the court's initial scheduling order. The court had nonetheless given Thomas the "full opportunity" at that hearing to present his arguments. Id. at 25.

- The trial date had been continued nine times, six of those times at Thomas's request.

- The motion to reopen and reconsider was filed on December 20, 2011, "more than five months after the motion to suppress was

---

[2] Different lawyers from the Norfolk Public Defender's Office represented Thomas throughout the trial court proceeding.

> denied, three weeks before the now ninth trial date" of January 11, 2012. Id. The motion came "at the beginning of a season in which the Court is often closed." Id.

The case proceeded to trial, as scheduled, and the jury found Thomas guilty as charged.

## II.

On appeal, Thomas contends the trial court abused his discretion in denying his motion to reopen and reconsider.[3] We disagree.

Thomas's motion involved two related, but distinct, requests. He first wanted to "reopen" the suppression motion and "go forward with additional evidence and argument." App. at 21. He did not proffer any additional evidence that he would present if the motion were granted. His second request merely asked the court to "reconsider its previous denial" of the motion to suppress. Id. Whether configured as a motion to reopen or reconsider, the common denominator in both requests was the same: Thomas sought to repudiate his earlier concession that his encounter with the police was consensual and wanted another opportunity to argue that the officer had insufficient grounds to either stop him or pat him down.

Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court. See Winston v. Commonwealth, 268 Va. 564, 620, 604 S.E.2d 21, 53 (2004) (motion to reconsider); Laughlin v. Rose, 200 Va. 127, 129, 104 S.E.2d 782, 784 (1958) (motion to reopen). A litigant's "right to relief on such rehearing depends upon his ability to point out some error on the face of the record, or to show some legal excuse for his failure to present his full defense at or before the time of entry of the decree which he seeks to

---

[3] We granted the petition for appeal solely on this issue. Our prior *per curiam* orders denied Thomas's challenge to the trial court's ruling that he consented to the pat down. See Thomas v. Commonwealth, No. 0217-12-1, at 1-2 (Va. Ct. App. Aug. 29, 2012) (order denying Assignment of Error I); Thomas v. Commonwealth, No. 0217-12-1, at 2 (Va. Ct. App. Dec. 11, 2012) (granting Assignment of Error II and affirming prior denial of Assignment of Error I).

have modified." Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927). "Without valid excuse, no party who has had his day in court can reopen the hearing . . . on the mere ground that he wishes to interpose other defenses which he neglected to interpose before such decision was made." Holmes v. Holmes, 7 Va. App. 472, 482, 375 S.E.2d 387, 393 (1988) (quoting Gills v. Gills, 126 Va. 526, 546, 101 S.E. 900, 906 (1920)). These principles apply to criminal prosecutions no less than to civil cases.

This "valid excuse" standard, id., typically requires a showing that the party has exercised due diligence in making the best of prior opportunities to address the issue, has obtained newly-discovered evidence that could not have been previously discovered during a reasonably thorough investigation, or has recently learned of an unforeseeable judicial ruling affecting the issue previously decided by the court. It is likewise appropriate for a trial judge to take into account the effect of the request on the orderly management of its docket and any prior pattern of delay caused by the moving party. See Holmes, 7 Va. App. at 481-82, 375 S.E.2d at 393 ("Courts are provided for the purpose of putting an end, and a speedy end, to controversies, and not as a forum for endless litigation." (quoting Gills, 126 Va. at 546, 101 S.E. at 906)).

One factor a trial judge may consider — and understandably discount — is a moving party's desire simply to change his mind about a concession previously made, particularly one relied upon by the opposing party and the court. See Rahnema v. Rahnema, 47 Va. App. 645, 658, 626 S.E.2d 448, 455 (2006) ("A stipulation of counsel, particularly when relied upon by a court, cannot later be unilaterally withdrawn."); Charles E. Friend, The Law of Evidence in Virginia § 15-35(a), at 1083 (7th ed. 2012) ("'Judicial admissions' are concessions made by a party during the course of litigation which bind the party and prevent contrary evidence from being introduced."). Mere regret, by itself, does not constitute good cause for repudiating a concession. See Jones v. Morehead, 68 U.S. 155, 164-65 (1864) (enforcing concession because

it would "tend largely to defeat the ends of justice, if the court should refuse to accept a fact as settled, which is distinctly alleged in the bill, and admitted in the answer").

To be sure, even a concession of guilt made in a guilty plea may not be withdrawn where a defendant "simply change[s] his mind about the plea." Pritchett v. Commonwealth, 61 Va. App. ___, ___, 739 S.E.2d 922, 928 (2013) (observing that the purpose of allowing withdrawal of guilty pleas is not "to enable gamesmanship or mere regret"). For if that were enough, litigants would be encouraged to play "fast and loose" with litigation strategy, Va. Elec. & Power Co. v. Norfolk S. Ry. Co., 278 Va. 444, 465, 683 S.E.2d 517, 529 (2009) (quoting Wilroy v. Halbleib, 214 Va. 442, 445, 201 S.E.2d 598, 601 (1974)), and would be relieved of the traditional view that "estops a litigant from taking a position directly contrary and inconsistent with one which he has previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais*," Wilroy, 214 Va. at 445, 201 S.E.2d at 601.

It is true, as Thomas argues, that a trial court has the power to reopen and reconsider prior rulings while it has jurisdiction over the case. See generally Robbins v. Robbins, 48 Va. App. 466, 474, 632 S.E.2d 615, 619 (2006) ("The law-of-the-case doctrine has no binding effect on a trial court prior to an appeal."). But whether the court *should* do so is a matter we review under the highly deferential abuse-of-discretion standard. See Hawthorne v. VanMarter, 279 Va. 566, 577, 692 S.E.2d 226, 233 (2010); Odum v. Commonwealth, 225 Va. 123, 132, 301 S.E.2d 145, 150 (1983); Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986).

An abuse of discretion occurs only when "reasonable jurists" could not disagree as to the proper decision. Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008). "This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts — yet still remain entirely reasonable. This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that

the judge closest to the contest is the judge best able to discern where the equities lie." Hamad v. Hamad, 61 Va. App. 593, 607, 739 S.E.2d 232, 239 (2013).

In this case, the trial court did not abuse its discretion by denying Thomas's motion to reopen and reconsider. The case had already been continued nine times, six of which were at Thomas's request. He filed the motion nine months after making the concession and five months after the trial court relied on it. Although asserting that his counsel had "incorrectly conceded that the initial encounter was consensual," App. at 21, Thomas made no claim of surprise, newly-discovered evidence, intervening change of law, or any other circumstance providing good cause for repudiating his earlier concession. To make matters worse, Thomas filed the motion to reopen and reconsider "three weeks" before the "ninth trial date" and "at the beginning of a season" in which the trial court was "often closed." Id. at 25. Given these circumstances, we can hardly say that the *bona fides* of Thomas's motion to reopen and reconsider were so compelling that no reasonable jurist could deny it.

### III.

Because the trial court did not abuse its discretion in denying Thomas's motion to reopen and reconsider, we affirm his conviction.

Affirmed.