# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Larry Edwards

December 10, 2014

Case No. CR13-3227

By Judge Mary Jane Hall

The matter comes before the Court on Defendant's motion to reopen a suppression hearing for the purpose of offering additional evidence. The Court concludes that it would be a proper exercise of its discretion to permit Defendant to submit the additional evidence and, therefore, grants the motion.

*Factual and Procedural History*

Defendant faces three drug charges related to a traffic stop that occurred on May 22, 2013, in the city of Norfolk by Officers Martin and Wade. Prior counsel for Defendant filed a motion to suppress evidence recovered at that traffic stop. At that suppression hearing on April 7, 2014, Officer Martin testified that upon approaching Defendant's vehicle, he detected the strong odor of burnt marijuana coming from the vehicle. (Tr. Mar. 3, 2014, at 12, 32-33.) He also stated that he observed "marijuana shake all over the floorboards and in the center console" of the vehicle. (Tr. at 35.) Officer Martin then testified that because of the odor of burnt marijuana, the officers removed Defendant from the vehicle and searched the vehicle, uncovering three clear plastic bags containing suspected narcotics in a compartment next to the steering wheel. (Tr. Mar. 3, 2014, at 38; Def.'s Br. at 3; Commonwealth's Br. in Response at 5 (hereinafter "CWA's Br.").) Officer Martin testified that the officers did not collect the marijuana shake from the vehicle. (Tr. Mar. 3, 2014, at 40.) The officers arrested Defendant and had the vehicle impounded. (Def.'s Br. at 4-5.)

At the conclusion of the hearing, the Court made a finding that Officer Martin's testimony had been credible, and it denied Defendant's Motion To Suppress. (Tr. Apr. 7, 2014, at 57.) On April 22, 2014, the Court allowed prior counsel to withdraw from the case, and two days later current counsel entered his appearance for Defendant. On August 26, 2014, Defendant filed a motion to inspect and photograph Defendant's car, held in impound, which the court granted over the Commonwealth's objection on October 2, 2014. On October 28, 2014, Defendant filed a supplemental motion to suppress, seeking to reopen the previous suppression hearing in order to prove that the October vehicle inspection did not confirm Officer Martin's testimony about marijuana shake in the vehicle.

## Defendant's Arguments

Defendant argues that these facts satisfy the "valid excuse" standard for the granting of a rehearing. (Def.'s Reply Br. at 1.) Defendant argues that "Officer Martin's account of the presence of marijuana shake ... could not have been thoroughly investigated prior to Defendant's original Motion To Suppress because there was no description of it produced in the Commonwealth's discovery response prior to said hearing." *Id.* Defendant also describes the marijuana shake as the "crux of Commonwealth's argument" for probable cause, such that Defendant's evidence about the absence of shake in the car would be material. *Id.* at 3 (*citing* Tr. Mar. 3. 2014, at 55).

## Commonwealth's Arguments

The Commonwealth argues that the officers had probable cause to search Defendant's vehicle after smelling burnt marijuana coming from the vehicle at the traffic stop; the marijuana shake provided an alternative, or supplemental, source of probable cause for the search, and was not the "crux" of its probable cause argument, as suggested by Defendant. (CWA's Br. at 3-5.) Because the Court believed Officer Martin's testimony regarding both the odor and the shake, the Commonwealth urges that Defendant cannot satisfy the "valid excuse" standard required for relief by rehearing. (CWA's Br. at 7.) The Commonwealth also argues that the evidence about the car's condition seventeen months post-arrest would be irrelevant; the vehicle was not under the control of the police department, was left unlocked, was accessible to third parties and vermin for those seventeen months, so the Court can draw no conclusions at all from that evidence. (CWA's Br. at 6-7.)

## Analysis

Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court." *Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013) (*citing Winston v.*

*Commonwealth*, 268 Va. 564, 620 (2004) (motion to reconsider); *Laughlin v. Rose*, 200 Va. 127, 129 (1958) (motion to reopen)). To warrant relief by way of a rehearing, a party must "point out some error on the face of the record" or show "some legal excuse for his failure to present his full defense at or before the time of entry of the decree which he seeks to have modified." *Downing v. Hunston, Darbee Co.*, 149 Va. 1, 9 (1927). Without a valid excuse, a party cannot reopen a hearing to present other defenses he neglected or failed to present before once that prior decision has been made. *Holmes v. Holmes*, 7 Va. App. 472, 482 (1988).

In *Thomas*, the Court of Appeals of Virginia summarized the valid excuse standard as follows:

> This valid excuse standard typically requires a showing that the party has exercised due diligence in making the best of prior opportunities to address the issue, has obtained newly-discovered evidence that could not have been previously discovered during a reasonably thorough investigation, or has recently learned of an unforeseeable judicial ruling affecting the issue previously decided by the court.

*Id.* at 110 (internal quotations omitted).

A trial court's decision to reopen or reconsider prior rulings while it has jurisdiction over a case is reviewed "under the highly deferential abuse-of-discretion standard." *Id.* (*citing Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010); *Odum v. Commonwealth*, 225 Va. 123, 132 (1983); *Morris v. Morris*, 3 Va. App. 303, 307 (1986)). "An abuse of discretion occurs only when reasonable jurists could not disagree as to the proper decision." *Id.* (*citing Brandau v. Brandau*, 52 Va. App. 632, 641 (2008) (internal quotations omitted)).

In *Thomas*, the defendant appealed the denial of his motion to rehear and reconsider his motion to suppress despite having no new evidence nor any proffer of additional evidence he would present were the motion granted. *Id.* at 109. The Court of Appeals of Virginia affirmed the Norfolk Circuit Court's ruling, stating that the trial court had not abused its discretion: the case had been continued nine times (six at the defendant's request) and the motion came five months after the original suppression hearing. The Court also reasoned that the relief was not warranted because the defendant "made no claim of surprise, newly discovered evidence ... or any other circumstance providing good cause for repudiating his earlier concession." *Id.* at 112.

Unlike in *Thomas*, where there was no proffer of additional evidence to be submitted at rehearing, defense counsel has proffered specific evidence that he plans to attempt to submit into evidence should a rehearing be granted. Defendant has photographs and other evidence that he claims will prove the absence of any marijuana shake in the impounded vehicle.

Also unlike *Thomas*, Defendant claims surprise relating to Officer Martin's testimony that he observed marijuana shake in the vehicle at the time of the traffic stop. Defendant alleges that he did not learn of this claimed basis for probable cause to search the vehicle until he heard this testimony.

Defendant timely sought court permission to inspect and photograph the impounded vehicle, which had not previously been done. Because the Commonwealth objected, Defendant needed a court order to enter the impound lot to accomplish the inspection. Given that the Commonwealth's discovery responses to Defendant did not reveal the current apparent absence of marijuana shake in the impounded vehicle, Defendant likely could not have discovered this potentially favorable evidence until he heard Officer Martin's testimony about the shake at the original suppression hearing. Under these circumstances, the Court cannot conclude that Defendant's first attorney should have taken the initiative, like Defendant's current counsel, to investigate the impounded car for the presence of marijuana shake.

The Commonwealth suggests that no evidence regarding the current state of the car could tell us anything about its condition on the date of arrest. Because the record contains no evidence about the conditions under which the vehicle has been maintained, it would be premature for the Court to agree with the Commonwealth and deprive Defendant the opportunity to make his record. It may be that the events since the date of arrest undermine the value of the evidence to be offered, but the record is incomplete in that regard. Presumably, the Commonwealth will put on evidence, related to the chain of custody and security of the vehicle since it was impounded, but, for the purposes of this motion, the record contains only counsel's proffer.

Because Defendant claims that he was surprised by Officer Martin's testimony regarding the shake and likely could not have discovered the absence of the shake before the previous hearing, Defendant has made a sufficient showing of valid excuse. The Court believes this to be sufficiently newly discovered evidence to support reopening the hearing.

## Conclusion

For these reasons, the Court grants Defendant leave to reopen the hearing on the motion to suppress only for the purpose of presenting evidence and argument relating to the October inspection of the impounded vehicle. The reopened hearing will commence with Defendant's rebuttal evidence. The Commonwealth may offer evidence in sur-rebuttal. No evidence or testimony that has already been offered should be repeated. Endorsement by counsel is waived pursuant to Rule 1:13. The Clerk is directed to email a copy of this Order to counsel of record.