UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Causey and Senior Judge Frank

ASHLEY WILLIAMS

MEMORANDUM OPINION*

v.     Record No. 0418-21-1                 PER CURIAM
                                            NOVEMBER 23, 2021

CITY OF VIRGINIA BEACH,
  DEPARTMENT OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

(Jennifer T. Dilworth; Jennifer Dillworth, P.C., on brief), for
appellant.

(Mark D. Stiles, City Attorney; Christopher S. Boynton, Deputy City
Attorney; Brad C. Hudgins, Associate City Attorney; Edrie Pfeiffer,
Guardian *ad litem* for the minor child; Hampton Roads Legal
Services, on brief), for appellee.

Ashley Williams (mother) appeals an order dismissing her appeal of the Virginia Beach

Juvenile and Domestic Relations District Court (the JDR court) orders that terminated her

parental rights to her child and approved the foster care goal of adoption. Mother argues that the

circuit court abused its discretion when it dismissed her appeal upon her failure to appear. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

On appeal, "we view the evidence in the light most favorable to the prevailing party, in this case, the Department, and grant to it all reasonable inferences fairly deducible from the evidence." King v. King George Dep't of Soc. Servs., 69 Va. App. 206, 210 (2018) (quoting C. Farrell v. Warren Cnty. Dep't of Soc. Servs., 59 Va. App. 375, 420-21 (2012)).

Mother is the biological parent to the child who is the subject of this appeal. On August 12, 2020, the JDR court terminated mother's parental rights to the child under Code § 16.1-283(C)(2) and approved the foster care goal of adoption. Mother appealed the JDR court's orders to the circuit court.

On January 21, 2021, mother failed to appear for the scheduled trial in the circuit court.[2] After waiting for more than half an hour, the City of Virginia Beach, Department of Human Services (the Department) moved the circuit court to dismiss the appeal for mother's failure to appear, and the guardian *ad litem* joined the motion. After making a "last call" for appellant and receiving no answer, the circuit court found that appellant had failed to appear despite "receiv[ing] notice of the trial date." Accordingly, the court granted the Department's motion, dismissed

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issue appellant has raised. Evidence and factual findings below that are necessary to address the assignment of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Mother failed to file a timely transcript or written statement of facts in lieu of a transcript of the January 21, 2021 hearing. Rule 5A:8. Nevertheless, a transcript or written statement of facts in lieu of a transcript is not indispensable for a review of mother's assignment of error. Bay v. Commonwealth, 60 Va. App. 520, 528-29 (2012); Shiembob v. Shiembob, 55 Va. App. 234, 246 (2009); Anderson v. Commonwealth, 13 Va. App. 506, 508-09 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100 (1986).

mother's appeal, and ordered that the JDR court's order terminating mother's parental rights "shall remain in full force and effect."

Appellant sent a letter to the circuit court asking for "another chance." She claimed that she had arrived for court on January 21, 2021, but the "clerk" incorrectly told her that her case was before the JDR court. The circuit court denied appellant's motion. This appeal follows.

ANALYSIS

Mother argues that the circuit court abused its discretion by dismissing her appeal upon her failure to appear for trial. She asserts that the court "relied entirely upon an inference of willfulness" in her failure to appear and maintains that her failure was due not to willfulness but to her mistaken belief about where she was to appear for the trial. Mother does not contest that she had notice of the hearing date and time. Instead, she argues that such notice "is only one factor to consider in proving willfulness . . . for [her] failure to appear."

The circuit court dismissed mother's appeal under Code § 16.1-106.1(D), which provides:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time of setting the appeal for trial or on the trial date, the circuit court *may*, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.

(Emphasis added). Code § 16.1-106.1(D) grants a circuit court broad discretionary authority to treat an appeal from a district court as withdrawn when the party who appealed does not appear for trial in the circuit court. Wal-Mart Stores East, LP v. State Corp. Comm'n, 299 Va. 57, 70 (2020) (holding that the use of "may" in a statute denotes "a broad[] grant of discretionary authority"). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." Thomas v. Commonwealth, 62 Va. App. 104, 111 (2013) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)). "This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same

- 3 -

facts-yet still remain entirely reasonable." Id. at 111 (quoting Hamad v. Hamad, 61 Va. App. 593, 607 (2013)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Id. at 111-12 (quoting Hamad, 61 Va. App. at 607).

Here, the record indicates that mother did not appear to prosecute her appeal of the JDR court's judgment terminating her parental rights despite having notice of the hearing time. After waiting for over thirty minutes and making a "last call" for mother, the circuit court granted the Department's motion under Code § 16.1-106.1(D). Thus, contrary to mother's argument, the record demonstrates that the circuit court dismissed her appeal based on the fact of her failure to appear, not based on an "inference" that the failure to appear was "willful."

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Tackett v. Arlington Cnty. Dep't of Hum. Servs., 62 Va. App. 296, 319 (2013) (quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). The record reflects that the child had been in the Department's custody since January 28, 2019, approximately two years before the circuit court's judgment dismissing mother's appeal. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Id. at 322 (quoting Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540 (1990)). Thus, considering the record before us, we hold that the circuit court did not abuse its discretion because its judgment did not fall outside the bell-shaped curve of reasonability.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.