COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Senior Judge Haley

IVAN PAUL BISHOP

                                            MEMORANDUM OPINION[*]

v.      Record No. 1201-21-2                        PER CURIAM
                                                  JUNE 7, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard Strouse Wallerstein, Jr., Judge

(John W. Parsons, on brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.

Appellant, Ivan Paul Bishop, appeals from the decision of the Circuit Court of Henrico

County revoking a portion of his previously suspended sentences. Appellant contends that the trial

court abused its discretion "in finding evidence sufficient for guilt on the two charges that he

violated the terms of his probation." After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In 2018, the trial court convicted appellant on two charges for failing to register as a violent sex offender, second or subsequent offenses and sentenced him to a total of ten years' incarceration, with eight years suspended. Appellant was released from incarceration in September 2020, at which time he reported to probation and parole. The conditions of appellant's probation included special conditions for sex offenders and GPS monitoring. Pertinent to this appeal, as part of his probation, appellant was required to "maintain regular employment and . . . notify the [p]robation and [p]arole [o]fficer promptly of any changes in [his] employment." Appellant was also required to follow his probation officer's instructions and "be truthful, cooperative, and report as instructed." Additionally, appellant was prohibited from unlawfully "us[ing], possess[ing], or distribut[ing] controlled substances or related paraphernalia." The last pertinent condition of appellant's probation required him to "observe curfew restrictions as directed by [his] supervision officer." Appellant's curfew was from 9:00 p.m. until 6:00 a.m.

In September 2021, appellant's probation officer reported that appellant had been working for an employer "under the table, selling t-shirts." According to the report, in December 2020, appellant failed to return "merchandise [to his employer] that he was supposed to sell." This resulted in appellant losing his employment and his employer stating that he "would never be allowed to work for [the employer] again."

Appellant's probation officer also reported that appellant tested positive for cocaine in December 2020. Appellant claimed that he had smoked marijuana with his cousin and "did not know it was laced." Appellant's probation officer further reported that, on numerous occasions from September 2020 through May 2021, appellant failed to appear at scheduled probation appointments due to forgetting about the appointments or having alleged symptoms of COVID-19.

According to the report, appellant never provided his probation officer documentation that he had been tested for COVID-19 to account for those missed appointments, despite instructions to do so. There was another instance in June 2021 when appellant failed to appear at an appointment with his probation officer allegedly due to a hernia injury which required medical treatment. Appellant's probation officer advised that he would be excused from that appointment if he submitted medical records showing that he obtained treatment. Appellant failed to submit any such medical documentation.

Lastly, appellant's probation officer reported that appellant had been late for curfew on seventy-three occasions from September 2020 through July 2021. Based on the probation officer's major violation report, the trial court issued a capias, which was served on appellant in August 2021.

At the revocation hearing, the Commonwealth rested after introducing the probation officer's major violation report and appellant's conditions of probation. Appellant testified on his own behalf and stated that seventy-one of his seventy-three documented curfew violations were inaccurate because "the GPS monitor ha[d] a lot of flaws in it." According to appellant, he only violated curfew twice, and both of those times were due to public transportation being late. Appellant also attributed his positive test for cocaine in December 2020 to smoking a cigarette that had been laced with cocaine without his knowledge. Appellant denied at the hearing that the cigarette contained marijuana.

As for his employment status while on probation, appellant testified that he "worked selling t-shirts" for his employer for "about two to three months." According to appellant, on one occasion, when he was "in the process of putting [merchandise] on the truck . . . some of [the merchandise] was misplaced and [he] couldn't find it." Appellant testified that he and his employer agreed that appellant would reimburse him for the missing merchandise. Appellant also

stated that he was self-employed during his probation, performing "carpentry work, yard work, painting, a little light plumbing, mostly a lot of things, various things [he] was doing."

After considering the evidence, the trial court concluded that appellant had violated the conditions of his probation. The trial court revoked appellant's suspended sentences and re-suspended two years on his first charge and all five years on his second charge, leaving appellant with a total of one year of active incarceration. This appeal followed.

ANALYSIS

Appellant argues that, "based on the evidence presented, a reasonable jurist could not have found clear evidence of a [probation] violation in this case and that the trial court erred in its finding." Specifically, appellant maintains that no reasonable jurist could have found that appellant violated his curfew because the evidence in that regard was "obtained from a faulty or broken GPS monitor." Appellant also argues that his two curfew violations were due to public transportation delays, and therefore "no reasonable jurist could have found a violation based on this evidence." As for appellant's positive urine test for cocaine, appellant argues that his "lack of knowledge on this should absolve him of the allegation that he knowingly used an illegal substance on probation." Lastly, appellant argues that no reasonable jurist could have found that appellant failed to maintain regular employment in violation of his probation conditions.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

- 4 -

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). The appellate court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that

resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). Here, the trial court permissibly rejected appellant's testimony.

The record reflects that appellant violated four conditions of his probation. Specifically, appellant violated the condition requiring him to not "use, possess, or distribute controlled substances or related paraphernalia" as evidenced by his positive drug screen for cocaine in December 2020. Appellant also violated the condition requiring him "to maintain regular employment and . . . notify [his probation officer] promptly of any changes in his employment" when appellant lost his sales position with his employer and was told he "would never be allowed to work for [the employer] again." In addition, there is no evidence in the probation officer's report referencing appellant's alleged self-employment. Appellant also violated the condition requiring him to observe curfew. Despite appellant's allegation that his GPS monitoring device was faulty, the fact remains that appellant was non-compliant with curfew seventy-three times from September 2020 through August 2021, and the trial court rejected appellant's claim. Appellant also violated the condition that he follow his probation officer's instructions and "be truthful, cooperative, and report as instructed." Appellant failed to appear at numerous probation appointments and repeatedly failed to cooperate with his probation officer's requests for medical documentation to account for his absences.

In light of the above facts, we cannot conclude that no reasonable jurist would have reached the decision the trial court made here. *Cf. Thomas*, 62 Va. App. at 111.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*