UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Friedman
Argued at Lexington, Virginia


RONALD LESTER, S/K/A
  RONALD LEE LESTER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0788-21-3                      JUDGE ROBERT J. HUMPHREYS
                                                    AUGUST 16, 2022

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                              Patrick R. Johnson, Judge

        David L. Epling for appellant.

        Leah A. Darron, Senior Assistant Attorney General (Jason S.
        Miyares, Attorney General; Justin B. Hill, Assistant Attorney
        General, on brief), for appellee.


        Ronald Lee Lester was indicted on one count of object sexual penetration of a child under

the age of thirteen, in violation of Code § 18.2-67.2(A)(1), and two counts of aggravated sexual

battery of a child under the age of thirteen, in violation of Code § 18.2-67.3. Lester moved the

circuit court for release to bail and, following a hearing, his motion was denied. He now appeals,

alleging that the circuit court erred.

                                        I. BACKGROUND

        Lester was indicted by a grand jury on one count of object sexual penetration and two

counts of aggravated sexual battery against his niece, E.I.B. The charges arose out of incidents

that took place between 1987 and 1989 and between 1992 and 1993, when E.I.B was less than

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

thirteen years old. Lester was arrested by police, placed in jail, and subsequently made a motion to be released to bail.

At his bail hearing, Lester testified that he had always lived in Buchanan County, Virginia. He had previously been married and had two children and one grandchild, but his wife was deceased. Lester testified that he previously had been a taxi driver but had suffered a bad car wreck and became disabled. Lester also testified that he was currently a minister at a local church, where he had been pastoring for twenty years. He had no prior criminal record, nor had he ever failed to appear. Lester was experiencing kidney failure and stated he was "a bad diabetic." He also had hip and knee problems, as well as high blood pressure and cholesterol.

Lester confirmed that the alleged victim of the aggravated sexual battery and object penetration charges, E.I.B., was his niece. The Commonwealth then questioned Lester about whether a protective order had been issued against him a week earlier on behalf of a different female, an eleven-year-old girl. Lester objected to the relevance of the Commonwealth's question, but the circuit court found the basis for the protective order was "relevant to the issue [at hand]" and overruled the objection. When questioned, Lester admitted that he was subject to a protective order against an eleven-year-old girl, R.M. The Commonwealth asked, "[T]he basis of that protective order, is it not, that you sexually assaulted [R.M.] in a similar way that you sexually assaulted [E.I.B.]?" Lester testified that he was accused of sexually abusing R.M. and that the accusation had arisen within the past six months. Lester also stated that he had been told to "stay away" and that "they will investigate."

Neither Lester nor the Commonwealth put on any additional evidence following Lester's testimony.[1]

---

[1] The Commonwealth presented no evidence and did not provide an unopposed evidentiary proffer regarding the current charges against Lester.

Lester argued that "it would be a denial of due process not to admit him to bail" because he had been a minister for many years and none of the allegations had been proven. The Commonwealth asked for bail to be denied on the grounds that probable cause existed to believe Lester presented a danger to the community.

The circuit court denied Lester's motion for bail, stating,

> I don't really believe Mr. Lester is a flight risk; however, I am concerned with the ongoing investigation and existence of the protective order on similar charges to this, and on that basis, I'm going to deny bond. I will give Mr. Epling leave to do this; should the investigation on the recent charge not result in criminal charges, I'll give him leave to bring back bond back [sic] on these older matters that are now before the court. But, as long as that exists, I agree with the Commonwealth's argument that it does, that he does potentially provide an ongoing danger. So, that's my ruling at this time.

Lester timely appealed.

## II. ANALYSIS

### A. Standard of Review

An appellate court reviews a circuit court's decision to grant or deny bail for an abuse of discretion. *See Commonwealth v. Duse*, 295 Va. 1, 7 (2018); Rule 5A:2(b) ("An order setting or denying bail or setting terms of a bond or recognizance shall be reviewable for abuse of discretion."). We defer to the judgment of the circuit court and will "not reverse merely because [we] would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)). This standard of review implies that for some decisions, conscientious fact finders could reach different conclusions based on the same facts, while still remaining entirely reasonable. *See Barnes v. Commonwealth*, 72 Va. App. 160, 166 (2020) (quoting *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013)). "This bell-shaped curve of reasonability governing our appellate review

rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* at 166-67 (quoting *Thomas*, 62 Va. App. at 111-12).

## B. Whether the Circuit Court Abused Its Discretion

Code § 19.2-120, "Admission to Bail," was amended on July 1, 2021, shortly before Lester's hearing. *See* 2021 Va. Acts. Sp. Sess. I, ch. 337. The statute requires a defendant be released to bail unless there is probable cause to believe (1) he would fail to appear for trial or (2) his liberty "will constitute an unreasonable danger to himself or the public." Notably, since being amended, Code § 19.2-120(B) contains factors that the circuit court must consider when determining an accused's risk of flight and whether his release would constitute an unreasonable danger. *See Keene v. Commonwealth*, 74 Va. App. 547, 553 (2022). These factors are:

> (i) the nature and circumstances of the offense; (ii) whether a firearm is alleged to have been used in the commission of the offense; (iii) the weight of the evidence; (iv) the history of the accused or juvenile, including his family ties or involvement in employment, education, or medical, mental health, or substance abuse treatment; (v) his length of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in § 16.1-228.

Code § 19.2-120(B).

A circuit court can abuse its discretion three ways: by failing to consider a relevant factor that should have been given significant weight, by considering and giving an improper or irrelevant factor significant weight, or when all proper factors are considered but the court, in weighing those factors, commits a clear error of judgment. *See Lawlor*, 285 Va. at 213. Lester argues that the circuit court erred in how it weighed the factors listed in Code § 19.2-120(B) when it denied him bail. He specifically argues that the circuit court "gave too much weight" to

Lester's admission that he had a protective order against him and was under investigation for the same type of offense for which he was currently charged. Lester also argues that the circuit court "failed to give proper consideration to the fact that the [a]ppellant has never been convicted of a crime" and alleges the Commonwealth "failed to put on a scintilla of evidence regarding [sic] the [c]orpus [d]elicti of the [i]ndictments."

Although the Commonwealth presented no evidence that would rebut the statutory presumption in favor of granting bail, in concluding that Lester presented a danger to the public if released, the circuit court was entitled to consider the testimonial evidence from Lester suggesting that he was subject to a protective order and was being investigated for similar charges involving another young girl.[2] In order to deny bail, a circuit court must only find that *probable cause* exists to believe that a defendant's liberty would pose a danger to himself or others; the circuit court is "not required to make a determination based on proof beyond a reasonable doubt or even a preponderance of the evidence." *See Keene*, 74 Va. App. at 555; Code § 19.2-120(A). Probable cause "deals with probabilities and depends on the totality of the circumstances." *Keene*, 74 Va. App. at 555 (citations omitted). "There is no formula for determining probable cause; it is a 'flexible, common-sense standard.'" *Id.* (quoting *Slayton v. Commonwealth*, 41 Va. App. 101, 106 (2003)).

The circuit court did not err when it found that Lester's testimony regarding the nature of the protective order and pending investigation was sufficient to establish probable cause that his liberty would pose a danger to others. According to Lester's own testimony, the protective order was issued due to his alleged sexual assault of a young girl, and the three indictments on which he was charged also represented three separate sexual assaults of another young girl.

---

[2] Since the assignment of error essentially asserts that the evidence was insufficient to rebut the statutory presumption and because no error has been assigned on appeal to the admission of Lester's testimony, we consider that evidence in our analysis.

Additionally, Lester testified that he was a pastor involved with his congregation and community. It is reasonable to conclude that Lester, if released pending his trial, may pose a danger to young members of the community he interacted with in his role as a local minister.

The circuit court was required to "articulate the basis of its ruling sufficiently to enable a reviewing court to make an objective determination that the court below has not abused its discretion," and here, the circuit court did so, explaining that it found Lester's testimony regarding the protective order and alleged sexual assault—notably, of the same variety as the present charges—to be dispositive regarding the public safety prong of a bail decision.[3] *Commonwealth v. Thomas*, 73 Va. App. 121, 129-30 (2021) (quoting *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015)). The circuit court clearly stated that it did not find Lester to be a flight risk, so he was not denied bail on those grounds. The circuit court's explanation on the record illustrates that, pursuant to Code § 19.2-120(B), the circuit court considered the various factors that were presented at the hearing, such as the nature and circumstances of the alleged offense, Lester's length of time at his residence, his connections to the community, and the health problems that limited his mobility.

The record is sufficient to support a reasonable fact finder's determination that probable cause—a flexible, common-sense standard that does not require proof beyond a reasonable doubt or a preponderance of the evidence—existed to believe Lester would be a danger to the public because the record contains factual information that supports the circuit court's finding. *See Keene*, 74 Va. App. at 555; *see also Shannon*, 289 Va. at 207 (requiring an appellate court to look to the record made in the circuit court to ascertain whether the conclusion the circuit court

---

[3] The circuit court suggested that Lester could submit another motion to be released to bail if the investigation did not result in any criminal charges, noting that the circuit court only found probable cause that Lester posed a danger to the public because of the protective order and ongoing "investigation."

- 6 -

reached had factual support).  Because the record supports the circuit court's determination, we hold that its decision was not an abuse of discretion.

## III.  CONCLUSION

For these reasons, we affirm the bail decision of the circuit court.

*Affirmed*.