COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty

MICHAEL SHANE BOYD

v.      Record No. 1231-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 30, 2022

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(M. Lee Smallwood, II, Deputy Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.

Counsel for Michael Shane Boyd filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). A copy of that

brief has been furnished to Boyd with sufficient time for him to raise any matter that he chooses.

Boyd has not filed any supplemental pleadings. After examining the briefs and record in this case,

we affirm the trial court's judgment. We unanimously hold that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

On March 1, 2016, the Circuit Court of the City of Danville sentenced Boyd to a term of

five years' imprisonment with two years and six months suspended upon a conviction for larceny,

third or subsequent offense. In May 2021, a probation officer filed a major violation report alleging

that Boyd had been arrested in March 2021 for larceny from the person of less than $5 and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

obtaining money by false pretenses, that he had been arrested in April 2021 for distributing less than one ounce of marijuana to a minor at least three years his junior and contributing to the delinquency of a minor, and that his results after a drug test were positive for marijuana and methamphetamine. The circuit court issued a *capias* on May 25, 2021, thereby initiating a proceeding to revoke Boyd's suspended sentence. In October 2021, the probation officer filed a supplemental report reflecting that Boyd had been convicted of distributing an imitation controlled substance to a minor at least three years his junior and contributing to the delinquency of a minor following his April 2021 arrest.[1]

At the revocation hearing, which was also the sentencing hearing for the new drug and contributing to the delinquency of a minor convictions, Boyd pleaded guilty to the probation violation alleged in the supplemental report. On November 15, 2021, after imposing sentence on the new convictions, the circuit court revoked and reimposed the two-year, six-month suspended sentence for the 2016 larceny conviction. Boyd appeals.

ANALYSIS

Boyd asserts that the circuit court abused its discretion by revoking his two-year, six-month suspended sentence because he expressed remorse, requested to be sent to a treatment facility, and accepted responsibility by pleading guilty. Instead, the court focused on the fact that Boyd was on probation when he committed the offenses underlying the new convictions. Boyd also contends that this sentence is "disproportionate" and that the court "arbitrarily and capriciously" disregarded his remorse and acceptance of responsibility. We disagree.

---

[1] The conviction of distributing an imitation controlled substance to a minor at least three years his junior is the subject of a companion appeal, *Boyd v. Commonwealth*, No. 1230-21-3 (this day decided), in which Boyd challenges only the sentence imposed, not the underlying conviction.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "That standard means that the circuit court judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). It also "necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). We consider "[t]he evidence . . . in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

The probation officer's October 2021 supplemental report alleged that Boyd had been convicted of new criminal offenses during the suspension period, and the circuit court sentenced him on those convictions at the same hearing in which it revoked his earlier suspended sentence. "A new conviction certainly constitutes good cause to revoke the suspension of a previously imposed sentence." *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012). Under the operative terms of the revocation statute in effect when the revocation proceeding began, once the circuit court found that he had violated the terms of the suspension, the circuit court was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[2] The court was permitted—but not required—to

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts, Sp. Sess. I, ch. 538. Boyd does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the revocation proceeding began before July 1, 2021. *Green v. Commonwealth*, 75 Va. App. 69, 84 & n.4 (2022). Moreover, even under the amended statutory framework the trial court has discretion to impose the balance of a previously suspended sentence when a

re-suspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

The record reflects that the circuit court heard and considered Boyd's statement of remorse and acceptance of responsibility for the new convictions, but the court noted that Boyd already had an extensive criminal history and had been convicted of two new, serious offenses involving a minor while he was on probation. The court was entitled to conclude that he was not amenable to rehabilitation through probation and to impose the full suspended sentence. In light of these facts, we cannot conclude that no reasonable jurist would have reached the decision the circuit court made here. *Cf. Thomas*, 62 Va. App. at 111.

To the extent that Boyd asserts that his sentence is unconstitutional because it is disproportionate, he did not preserve that issue for appeal because he did not object to his sentence on that ground. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, [Boyd] does not argue that we should invoke these exceptions." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*). We do not consider them *sua sponte*. *Id.*

---

probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

In any event, we long have declined to conduct a proportionality review in cases that do not involve life sentences without the possibility of parole. *See Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). Therefore, we would not conduct a proportionality review of Boyd's sentence.

## CONCLUSION

For these reasons, we affirm the circuit court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Michael Shane Boyd is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*